UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN RIVER TRANSPORTATION CO., LLC, AS OWNER AND OPERATOR OF THE M/V CREW RUNNER, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.: 2:23-cv-1489<br><br>SECTION:    DIVISION:<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |

**PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

The Petition of American River Transportation Co., LLC ("ARTCO") as owner and/or operator of the M/V CREW RUNNER ("CREW RUNNER"), *in rem*, in a cause of exoneration from or limitation of liability, pursuant to 46 U.S.C. §§ 30505, *et seq.*, civil and maritime, within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions, with respect represents:

**1.**

Jurisdiction is proper pursuant to 28 U.S.C. § 1333, granting United States district courts original jurisdiction, exclusive of the courts of the states, over cases in admiralty or maritime.

**2.**

Venue is proper in the United States District Court for the Eastern District of Louisiana pursuant to Rule F(9) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions.

**3.**

At all times pertinent hereto, ARTCO was and now is a limited liability company duly organized under the law of the State of Delaware and doing business within the State of Louisiana and within the jurisdiction of this Honorable Court, and was and now is the owner and operator of the CREW RUNNER.

**4.**

The M/V CREW RUNNER is a crew boat bearing Official Number 1231333 with a length of 50 feet and a gross tonnage of 23.

**5.**

On or about April 9, 2022, the CREW RUNNER was transporting ARTCO employees and contractors on the Lower Mississippi River at within the boundaries of the U.S. District Court for the Eastern District of Louisiana when it allided with a buoy (the "Incident"). Two ARTCO employees, Larry Turner and Andy Love, and one contractor, Nicholas Harrington, were on the CREW RUNNER at the time of the Incident and allege they suffered injuries as a result of same.

**6.**

At this present time, ARTCO is aware of four (4) parties who are interested in or have asserted claims arising from the Incident, namely:

a. Andy Love, through his attorney of record, Dedrick L. Gordon, Dedrick L. Gordon Law Group, P.C., 203 N. LaSalle Street, Suite 2100, Chicago, IL 60601;

b. Larry Turner, through his attorney of record, Bobby Hawkins, Irpino, Avin & Hawkins Law Firm, 2216 Magazine Street, New Orleans, LA 70130;

c. Nicholas Harrington, through his attorney of record, Stephen Johnson, Morris Bart, LLC, 601 Poydras Street, Suite 2400, New Orleans, LA 70130;

d. Labor Services, LLC and/or River Parish Contractors, Inc., through its attorney of record, Aaron Greenbaum, Pusateri, Johnston, Guillot & Greenbaum, 1100 Poydras St., Suite 2250, New Orleans, LA 70163;

**7.**

ARTCO is unaware of any other suits, petitions, demands, unsatisfied claims, or liens against the CREW RUNNER in connection with the subject incident, except as those set forth above.

**8.**

The Incident resulted due to no fault on the part of ARTCO or the CREW RUNNER. The CREW RUNNER was, at all material times, a seaworthy vessel and well and sufficiently crewed, equipped, and supplied.

**9.**

The Incident and any alleged injuries or damage resulting from the same were not caused or contributed by any fault, negligence, or lack of care on the part of ARTCO or the CREW RUNNER, but were caused instead by the fault, negligence, and lack of care of other parties or by circumstances beyond the control of ARTCO.

**10.**

ARTCO denies that it or the CREW RUNNER are liable to any extent for any damages, losses, and/or injuries, and in that regard, ARTCO is entitled to exoneration from liability for all claim damages, losses, and injuries, which may have been done, occasioned, or incurred by any reasons of the matters aforesaid.

**11.**

Alternatively, and without admitting liability, ARTCO avers that in the event that it or the CREW RUNNER should be held responsible to any person or parties, by reasons of the matters

aforesaid, ARTCO is entitled to the benefits of the Limitation of Liability Act as provided for in § 30505 through § 30512 of Title 46 of the United States Code and all laws supplementary thereto and amendatory thereof.

**12.**

The Incident involving the CREW RUNNER occurred without the privity of knowledge of ARTCO.

**13.**

ARTCO avers that at the termination of the voyage herein above described, the market value of the CREW RUNNER and the value of ARTCO's interest in said vessel did not exceed the sum of $300,000.00. ARTCO provides the attached Affidavit of Value by Kyle Smith, attached as Exhibit 1 in support of this contention. At the time of the Incident, there was no pending freight.

**14.**

ARTCO has filed contemporaneously herewith, an Ad Interim Stipulation, attached as Exhibit 2, in appropriate form for the payment into Court, for the amount of ARTCO's interests in the CREW RUNNER and its pending freight, if any, at the close of the voyage aforementioned, together with interest at the rate provided by law from the date of said Ad Interim Stipulation and for costs; in addition, ARTCO is prepared to give a bond or stipulation for any amount in excess of the Ad Interim Stipulation as may be ascertained and determined to be necessary under the Orders of this Court, as provided by the laws of the United States and the Federal Rules of Civil Procedure

**15.**

ARTCO does not know the full nature and extent of the claims which are being sought by the above listed claimants, but anticipates that the claims may exceed the value of the CREW RUNNER.

**16.**

This Petition of Limitation has been filed timely under Rule F(1) because it was filed within six month of first receipt of a claim in writing, that is subject to shipowner's protections under 46 U.S.C. §§ 30505, *et seq.*, arising from the Incident, which revealed a reasonable possibility that the claim may exceed the value of the CREW RUNNER.

**17.**

ARTCO alleges it has valid defenses thereto on the facts and on the law. Alternatively, ARTCO, without admitting but affirmatively denying all liability, upon showing that the Incident was occasioned without privity or knowledge of ARTCO, claims the benefit of limitations of liability provided for in 46 U.S.C. §§ 30505, *et seq.*, and the various statutes supplemental thereto.

**18.**

Pursuant to 46 U.S.C. §§ 30505, *et seq.*, ARTCO is entitled to have all claims and issues concerning this Incident determined in a single proceeding in the United States District Court for the Eastern District of Louisiana, sitting in admiralty.

**19.**

Subject to an appraisal of its interests, ARTCO submits, as security for the benefit of all potential claimants, a Letter of Undertaking in the amount of $300,000.00, plus interest at six percent (6%) per annum from the date of the letter, which represents the total value of the vessel and its appurtenances following the Incident.

**20.**

ARTCO further specifically avers that this Petition and the claim for exoneration from and/or limitation of liability asserted herein, is filed not only on its behalf, but also on behalf of its liability underwriters, which shall be entitled to exoneration from and/or limitation of liability to the same extent as ARTCO, and who liability in the premises, if any, shall accordingly not exceed ARTCO's liability, if any.

WHEREFORE**,** ARTCO prays that:

1. This Court issue an Order Approving the Ad Interim Stipulation for Value filed with the Court by ARTCO as security for the amount or value of its interest in the vessel at the termination of the voyage;

2. That upon filing the Ad interim Stipulation, this Court issue a Notice to all persons, firms, or corporations asserting claims for any and all losses, damages, injuries, or destruction from the Incident, admonishing them to file their claims with the Clerk of Court and to serve the attorneys for ARTCO a copy thereof on or before a date to be named in the Notice, and that if they wish to contest either the right to exoneration from or the right to limitation of liability, they file and serve on the attorneys for ARTCO an Answer to this Petition on or before said date;

3. The Notice be published in The New Orleans Advocate/Times Picayune once a week for four consecutive weeks prior to the date fixed by the Court for filing of claims, and copies of the Notice be mailed to all known claimants in accordance with Rule F of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions.

4. The Court enjoin the further prosecution of any and all actions, suits, and proceedings already commenced, and the commencements or prosecution thereafter of any and all

actions, suits, or proceedings of any nature or description whatsoever, in any jurisdiction against ARTCO, its underwriters and insurers, and/or the CREW RUNNER, her officers and crew, or against an employee or property of ARTCO except in this action, to recover damages for and in respect of any loss, damage, or injury occasioned or incurred as a result of any Incident;

5. This Court adjudge ARTCO and the CREW RUNNER as not liable to any extent for any injuries, losses, or damages occurring as a result of the April 9, 2022 Incident or for any claim therefore in any way arising out of or resulting from the Incident;

6. Alternatively, if liable, which is denied, then its liability should be limited to its interest in the CREW RUNNER and her pending freight, which will be divided pro rata among claimants, and that a judgment be entered discharging ARTCO and the CREW RUNNER of and from any further liability and forever enjoining the filing and prosecution of any claims against ARTCO and its property, in any way arising from or in consequence of or connection with the Incident; and

7. ARTCO have such other and further relief as may be just in these circumstances and that this Court is competent to grant.

(*signature on next page*)

Respectfully submitted:

**McGLINCHEY STAFFORD, PLLC**

*/s/ Kevin M. Frey*
Kevin M. Frey (#35133)
Marcelle Mouledoux (#30339)
Morgan E. Kelley (#38299)
Gillian M. McCarroll (#40452)
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone (504) 586-1200
Facsimile (504) 596-2800
kfrey@mcglinchey.com
mmouledoux@mcglinchey.com
mkelley@mcglinchey.com
gmccarroll@mcglinchey.com

*Counsel for American River Transportation Co., LLC*