UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN RIVER : <br> TRANSPORTATION CO., LLC, AS : <br> OWNER AND OPERATOR OF THE M/V : <br> CREW RUNNER, PRAYING FOR : <br> EXONERATION FROM OR LIMITATION : <br> OF LIABILITY : | CIVIL ACTION NO.: 2:23-cv-01489 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ANSWER TO PETITION FOR EXONERATION
FROM AND/OR LIMITATION OF LIABILITY**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**NOW INTO COURT**, through undersigned counsel, comes Claimant for Damages, Larry Turner, who is of the full age of majority and resident of Louisiana, and hereby answers the Petition for Exoneration from or Limitation of Liability and asserts his claims for damages against American River Transportation Co., LLC.

**I.   ANSWER**

Claimant for Damages, Larry Turner answers the Complaint as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Claimant for Damages hereby responds to the specific allegations set forth in the Complaint as follows:

**I.**

Claimant for Damages admits that this Court has jurisdiction over this limitation matter, however, he objects to the prosecution of his claim for damages in this Court and reserves his right to pursue his lawsuit already pending in the 24th Judicial District Court for the Parish of Jefferson and captioned *Larry Turner versus American River Transportation Co., LLC, et al*, No. 839448, Division H.

**II.**

Claimant for Damages admits that venue is proper in the United States District Court for the Eastern District of Louisiana, however, he objects to the prosecution of his claim for damages in this Court and reserves his right to pursue his lawsuit already pending in the 24th Judicial District Court for the Parish of Jefferson and captioned *Larry Turner versus American River Transportation Co., LLC, et al*, No. 839448, Division H.

**III.**

The allegations in Paragraph III do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

**IV.**

The allegations in Paragraph IV are denied for lack of sufficient information to justify a belief therein.

**V.**

The allegations in Paragraph V are denied for lack of sufficient information to justify a belief therein. However, it is admitted that Larry turner was aboard the CREW RUNNER at the time of the incident on April 9, 2022.

**VI.**

The allegations in Paragraph VI are denied for lack of sufficient information to justify a belief therein except to admit Larry Turner has asserted a claim as a result of the April 9, 2022 incident.

**VII.**

The allegations in Paragraph VII do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

**VIII.**

The allegations in Paragraph VIII are denied.

**IX.**

The allegations in Paragraph IX are denied.

**X.**

The allegations in Paragraph X are denied.

**XI.**

The allegations in Paragraph XI are denied.

**XII.**

The allegations in Paragraph XII are denied.

**XIII.**

The allegations in Paragraph XIII are denied for lack of sufficient information to justify a belief therein.

**XIV.**

The allegations in Paragraph XIV do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

**XV.**

The allegations in Paragraph XV are denied except to admit that Larry Turner's claim exceeds $300,000.00.

**XVI.**

The allegations in Paragraph XVI are denied.

**XVII.**

The allegations in Paragraph XVII are denied.

**XVIII.**

The allegations in Paragraph XVIII are denied.

**XIX.**

The allegations in Paragraph XIX do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

**XX.**

The allegations in Paragraph XX do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

**THIRD DEFENSE**

The negligence or other fault (active or passive) of American River Transportation Co., LLC and/or Archer-Daniels-Midland Company and/or the unseaworthiness of a American River Transportation Co., LLC and/or Archer-Daniels-Midland Company's vessels, which independently or in conjunction with one another was/were the sole cause of the incident at issue, was/were within the privity or knowledge (actual or constructive) of American River Transportation Co., LLC and/or Archer-Daniels-Midland Company, its owners, its management,

and/or those for which it or they is/are deemed responsible prior to the commencement of the vessel's voyage.

## FOURTH DEFENSE

Any and all damages suffered by Claimant for Damages were caused solely by the negligence or other fault (active or passive) of American River Transportation Co., LLC and/or Archer-Daniels-Midland Company.

## FIFTH DEFENSE

Any and all damages suffered by Claimant for Damages were caused solely by the unseaworthiness of American River Transportation Co., LLC and/or Archer-Daniels-Midland Company's vessel and/or American River Transportation Co., LLC and/or Archer-Daniels-Midland Company, Inc's negligence, including its agents and employees.

## SIXTH DEFENSE

American River Transportation Co., LLC and/or Archer-Daniels-Midland Company are not entitled to exoneration from liability or to the limitation of liability under 46 U.S.C. §§ 30501, *et seq*.

## SEVENTH DEFENSE

Even if American River Transportation Co., LLC and/or Archer-Daniels-Midland Company, Inc. are entitled to limit its liability as pled, which is and has been affirmatively denied, the limitation fund created by American River Transportation Co., LLC and/or Archer-Daniels-Midland Company is grossly insufficient. It is improperly based upon the incorrect value of the vessels, freight, revenue, etc., which is inadequate and insufficient. Further, the fund created should be comprised of the value of American River Transportation Co., LLC and/or Archer-Daniels-Midland Company's flotilla of vessels.

**EIGHTH DEFENSE**

The provisions of 46 U.S.C. §§ 30501, *et seq.*, are unconstitutional and invalid under the Constitution of the United States of America and, thus, cannot be used by American River Transportation Co., LLC and/or Archer-Daniels-Midland Company to exonerate themselves from liability or to limit its liability to Claimant for Damages.

**II.     CLAIMS IN LIMITATION**

Claimant for Damages, Larry Turner asserts his claims for damages as follows:

**1.**

Made defendants to Claimant for Damages' claims in this limitation proceeding are:

American River Transportation Co., LLC and Archer-Daniels-Midland Company, companies authorized to do and doing business in the State of Louisiana, which at all times relevant herein was the owner and/or operator of the boat on which **LARRY TURNER** was working and his employer.

**2.**

American River Transportation Co., LLC and/or Archer-Daniels-Midland Company, Inc are liable unto your Claimant for Damages for this matter, to wit:

The accident at issue occurred in Jefferson Parish on a boat owned and operated by American River Transportation Co., LLC and/or Archer-Daniels-Midland Company, and defendants are justly and truly indebted to Claimant for Damages for said accident, in such amounts to be determined by this Court, together with legal interest from date of judicial demand and for the costs of these proceedings.

**3.**

This matter is brought pursuant to 46 U.S.C. §688, more commonly known as the Jones Act, and under general maritime law for negligence, unseaworthiness, and maintenance and cure,

and alternatively, under the general maritime laws of the United States including, but not limited to Rule 905(b) of the Longshore and Harbor Workers' Compensation Act ("LHWCA").

**4.**

At all times material herein, petitioner, **LARRY TURNER**, was working and operating in the navigable waters in Louisiana.

**5.**

At all pertinent times herein, American River Transportation Co., LLC and/or Archer-Daniels-Midland Company was the owner, operator and entity with *garde* of the boat, machinery and component parts at issue. Further, at all times material herein, Claimant for Damages was working for American River Transportation Co., LLC and/or Archer-Daniels-Midland Company.

**6.**

On or about April 9, 2022, while Claimant was being transported along with other employees aboard the CREW RUNNER, the captain of the vessel, due to defective equipment, inattentiveness and/or insufficient training and/or education, allowed the vessel to strike a buoy, which resulted in a violent collision. The captain of the M/V CREW RUNNER was employed by American River Transportation Co., LLC and/or Archer-Daniels-Midland Company. As a result of the incident, Larry Turner suffered severe injuries.

**7.**

At the time of the incident in question, American River Transportation Co., LLC and/or Archer-Daniels-Midland Company, Inc was the Jones Act employer of **LARRY TURNER**, and violated its non-delegable duty to provide **LARRY TURNER** a safe working environment. American River Transportation Co., LLC and/or Archer-Daniels-Midland Company, Inc are liable to **LARRY TURNER** for its vessel negligence pursuant to the Jones Act and/or general maritime laws of the United States for negligently causing, creating, and/or allowing the existence of one or

more unreasonably dangerous conditions on its vessel which caused or contributed to incident and injuries.

**8.**

Claimant for Damage's injuries are direct and proximate result of the negligence of defendants, and operators of the improper vessel at issue.

**9.**

Claimant for Damages in no way caused or contributed to cause the incident complained of herein, nor the resultant damages.

**10.**

The above-described April 9, 2022 accident and the resulting injuries to **LARRY TURNER** were caused through the negligence of American River Transportation Co., LLC and/or Archer-Daniels-Midland Company, Inc, and/or its agents and employees, which negligence includes but is not limited to the following non-exclusive list of actions, inactions and/or defects on the property:

- a) Negligently placing **LARRY TURNER** in a situation which it knew or should have known to be unreasonably dangerous;
- b) Failure to warn **LARRY TURNER** of a condition(s) which it knew or should have known to be unreasonably dangerous;
- c) Failure to maintain a proper lookout and/or being distracted or inattentive;
- d) Failure to take all reasonable evasive action to avoid the accident at issue herein;
- e) Failure to provide a sufficient number of properly trained crew members to keep the vessel in a safe condition;
- f) Failing to provide **LARRY TURNER** with a reasonably safe work environment;
- g) Allowing and/or causing the existence of an unreasonably dangerous condition(s) on its vessel;

- h) Inattentiveness of the Master and/or crew of its vessel;
- i) Failure to properly and sufficiently train and/or educate its employees on how to operate the M/V CREW RUNNER;
- j) Failing to prudently navigate its vessel;
- k) Negligently violating any and all applicable rules, regulations and/or standards;
- l) Failure to provide equipment on the vessel which was not in need of repair and/or replacement; and
- m) Negligent supervision and/or other acts of negligence to be proven at trial.

**11.**

Pursuant to the General Maritime Law of the United States of America, American River Transportation Co., LLC and/or Archer-Daniels-Midland Company, Inc has the absolute and non-delegable duty to provide **LARRY TURNER** with maintenance and cure benefits from the date that he was rendered unfit for duty until maximum cure is achieved. American River Transportation Co., LLC and/or Archer-Daniels-Midland Company, Inc. has failed to properly and/or timely make maintenance payments. Therefore, Claimant for Damages is entitled to punitive damages pursuant to law. Further, American River Transportation Co., LLC and/or Archer-Daniels-Midland Company, Inc. has failed to properly and/or timely pay for Claimant for Damages' cure. Thus, he is entitled to punitive damages pursuant to law as well as general and punitive damages for the worsening of Claimant for Damages condition due to failure to properly pay for treatment.

**12.**

As a result of the accident, **LARRY TURNER** was rendered unfit for duty and presently remains unfit and incapable of returning to work.

**13.**

American River Transportation Co., LLC and/or Archer-Daniels-Midland Company, Inc. are indebted to **LARRY TURNER** for past and future maintenance and cure benefits in the amount mandated by law until maximum cure is achieved, and for all costs of cure incurred by petitioner from April 9, 2022 until maximum cure is achieved, as well as all attorney's fees incurred herein.

**14.**

The General Maritime Law of the United States protects the seaman from certain acts of American River Transportation Co., LLC and/or Archer-Daniels-Midland Company, Inc., which are egregious in nature, by awarding exemplary damages.

**15.**

American River Transportation Co., LLC and/or Archer-Daniels-Midland Company, Inc. caused damage to Claimant for Damages by failing to timely provide maintenance and cure benefits, which is wanton, willful, egregious and/or outrageous conduct.

**16.**

As a result of the April 9, 2022 accident, **LARRY TURNER** suffered physical and mental injuries as well as inconvenience, entitling him to recover damages including, but not limited to:

    a)    Mental pain and suffering; past, present and future;
    b)    Physical pain and suffering; past, present and future;
    c)    Medical expenses; past, present and future;
    d)    Inconvenience; past, present and future;
    e)    Loss of support, both financial and emotional; past, present and future;
    f)    Disability, disfigurement and/or loss of enjoyment of life; past, present and future;
    g)    Lost wages; past, present and future;
    h)    Loss of earning capacity; past, present and future;
    i)    Loss of household services; past, present and future; and
    j)    All damages allowed under the law which may be proven at the trial.

**WHEREFORE**, Claimant for Damages, Larry Turner, prays that his Answer be deemed good and sufficient, and that after all due proceedings are had, that there be judgement rendered in their favor, and against defendants, American River Transportation Co., LLC and/or Archer-Daniels-Midland Company, Inc's Petition for Exoneration From or Limitation of Liability, with full prejudice and at their cost, and awarding Claimant for Damages all damages, costs, and other equitable relief, including but not limited to prejudgment and post judgment interest on all amounts awarded, to which Claimant for Damages is entitled and which is reasonable in the premises and under the law.

Respectfully submitted,

 /s/ Bobby G. Hawkins
**ANTHONY D. IRPINO (#24727)**
airpino@irpinolaw.com
**BOBBY G. HAWKINS (#30546)**
bhawkins@irpinolaw.com
*IRPINO, AVIN & HAWKINS LAW FIRM*
2216 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 525-1500
Facsimile: (504) 525-1501

- AND -

 /s/ Patrick H. Hufft
**PATRICK H. HUFFT (#17633)**
phufft@hufftlaw.com
*HUFFT and HUFFT LAW FIRM*
635 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 522-9413
Facsimile: (504) 586-9945

*ATTORNEYS FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.

New Orleans, Louisiana this 17th day of May, 2023.

                                                */s/ Bobby G. Hawkins*_____
                                                **BOBBY G. HAWKINS**