UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN RIVER TRANSPORTATION CO., LLC, AS OWNER AND OPERATOR OF THE M/V CREW RUNNER, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.: 2:23-cv-01489 <br><br> SECTION: T   DIVISION: 1 <br><br> JUDGE: GREG G. GUIDRY <br><br> MAGISTRATE JUDGE: JANIS VAN MEERVELD |

## ARTCO'S ANSWER AND AFFIRMATIVE DEFENSES TO CLAIM OF LARRY TURNER

**NOW INTO COURT**, through undersigned counsel, comes Petitioner-In-Limitation/Defendant, American River Transportation Co., LLC ("ARTCO"), who submits this *Answer and Affirmative Defenses to Claim of Larry Turner*, styled as Larry Turner's ("Turner") *Answer to Petition for Exoneration from and/or Limitation of Liability*, Rec. Doc. 5.

### FIRST DEFENSE

Turner has no cause or right of action against ARTCO.

### SECOND DEFENSE

Turner is not a seaman, but a longshoreman or shore side worker covered under the Longshore and Harbor Workers Compensation Act or state workers compensation regimes.

### THIRD DEFENSE

Turner's injuries, if any, resulted from his sole fault, negligence, misconduct, or inattention to duty.

### FOURTH DEFENSE

ARTCO was not negligent in any way and provided proper training, staffing, and equipment as appropriate.

1

**FIFTH DEFENSE**

Any ARTCO vessel involved in Turner's incident was tight, staunch, properly manned, and in all respects seaworthy and fit for the services in which it was engaged.

**SIXTH DEFENSE**

In the alternative, if any ARTCO vessel was involved in Turner's incident, and it is found to be unseaworthy, such unseaworthiness did not proximately cause Turner's injuries.

**SEVENTH DEFENSE**

Turner's alleged injuries predated the incident.

**EIGHTH DEFENSE**

Turner's injuries and damages, if any, were caused by the negligence or fault of third parties, which bars or reduces any recovery from ARTCO.

**NINTH DEFENSE**

To the extent Turner was injured aboard a vessel or barge owned and/or operated by ARTCO, which is denied, such accident was caused by an open and obvious condition.

**TENTH DEFENSE**

Turner failed to mitigate his damages.

**ELEVENTH DEFENSE**

Turner's alleged injuries were caused in whole or in part by a subsequent incident unrelated to any incident involving ARTCO, the CREW RUNNER, or any other vessel owned/operated by ARTCO.

**TWELFTH DEFENSE**

ARTCO is entitled to a credit or offset for all damages attributable to any of Turner's pre-existing or subsequently occurring damages or conditions.

**THIRTEENTH DEFENSE**

Service is improper.

**FOURTEENTH DEFENSE**

Turner is not entitled to prejudgment interest on future damages.

**FIFTEENTH DEFENSE**

Turner is not entitled to punitive damages.

**SIXTEENTH DEFENSE**

There is no liability on the part of ARTCO or any vessel owned or operated by ARTCO in connection with Turner's claim. In the event that ARTCO or any vessel owned or operated by ARTCO is found liable in connection with Turner's claim, which is denied, ARTCO pleads the following:

a. The occurrence referred to in Petitioner's *Petition* was caused without privity or knowledge of ARTCO; and

b. The amount of damages may exceed the amount or value of ARTCO's interest in any ARTCO vessel involved, the involvement of which is denied.

**AND NOW**, in response to Turner's claim, ARTCO avers as follows:

1.

ARTCO denies the allegations in Paragraph 1 of Turner's claim, except to admit that ARTCO is authorized to do and doing business in Louisiana and employed Larry Turner.

2.

ARTCO denies the claims in Paragraph 2 of Turner's claim.

3.

ARTCO admits that Turner purports to bring his claim under the legal framework described in Paragraph 2 of Turner's claim, but ARTCO denies that Turner has any cognizable claims against ARTCO.

4.

ARTCO denies the allegations in Paragraph 4 of Turner's claim for lack of information sufficient to justify a belief therein.

5.

ARTCO denies the allegations in Paragraph 5 of Turner's claim for lack of information sufficient to justify a belief therein.

6.

ARTCO denies the allegations in Paragraph 6 of Turner's claim.

7.

ARTCO denies the allegations in Paragraph 7 of Turner's claim.

8.

ARTCO denies the allegations in Paragraph 8 of Turner's claim.

9.

ARTCO denies the allegations in Paragraph 9 of Turner's claim.

10.

ARTCO denies the allegations in Paragraph 10 of Turner's claim and its subparts.

11.

ARTCO denies the allegations in Paragraph 11 of Turner's claim.

12.

ARTCO denies the allegations in Paragraph 12 of Turner's claim.

13.

ARTCO denies the allegations in Paragraph 13 of Turner's claim.

14.

ARTCO denies the allegations in Paragraph 14 of Turner's claim.

15.

ARTCO denies the allegations in Paragraph 15 of Turner's claim.

16.

ARTCO denies the allegations in Paragraph 16 of Turner's claim and its subparts.

17.

ARTCO denies any unanswered, unnumbered, prefatory, and/or conclusory paragraphs, including Turner's prayer for relief.

**WHEREFORE**, Petitioner-In-Limitation/Defendant, American River Transportation Company, LLC, prays that this *Answer and Affirmative Defenses to Claim of Larry Turner* is deemed good and sufficient and that, after due proceedings are had, Turner's *Answer to Petition for Exoneration from and/or Limitation of Liability* is dismissed with prejudice and with all costs charged to Turner.

Respectfully submitted:

**McGLINCHEY STAFFORD, PLLC**

*/s/ Morgan E. Kelley*
Kevin M. Frey (#35133)
Marcelle Mouledoux (#30339)
Morgan E. Kelley (#38299)
Gillian M. McCarroll (#40452)
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone (504) 586-1200
Facsimile (504) 596-2800
kfrey@mcglinchey.com
mmouledoux@mcglinchey.com
mkelley@mcglinchey.com
gmccarroll@mcglinchey.com

*Counsel for American River Transportation Co., LLC*

## CERTIFICATE OF SERVICE

I certify that on May 30, 2023, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Morgan E. Kelley*