UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| IN THE MATTER OF AMERICAN | * | CIVIL ACTION NO. 2:23-cv-01489 |
| RIVER TRANSPORTATION CO., | * | |
| LLC, AS OWNER AND OPERATOR | * | SECTION T    MAGISTRATE 1 |
| OF THE M/V CREW RUNNER, | * | |
| PRAYING FOR EXONERATION | * | JUDGE GREG G. GUIDRY |
| FROM OR LIMITATION OF | * | |
| LIABILITY | * | MAGISTATE JUDGE JANIS van |
| | * | MEERVELD |

## ANSWER AND CLAIM OF NICHOLAS HARRINGTON

**NOW COMES**, Nicholas Harrington, a person of the full age of majority and a resident of the State of Louisiana, and who makes the following answer and claim against the Plaintiff as follows:

## ANSWER

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The incident of April 9, 2022, was caused by the fault and negligence of American River Transportation Co., LLC, who had privity and knowledge of the unsafe, negligent, and unseaworthy conditions of the M/V CREW RUNNER which caused the accident; said privity and knowledge will act in bar of limitation of liability herein.

1

### Third Defense

Plaintiff has failed to comply with the requirements of the Limitation of Liability Act, 46 U.S.C.A. Sec. 30501, et seq., including without limitation, the failure to deposit adequate and proper security, which will act in bar of limitation herein.

### Fourth Defense

Plaintiff's Complaint for Exoneration from and/or Limitation of Liability should be dismissed under Rule 12(b)(6) for its failure to allege any facts that would entitle it to relief under any cognizable legal theory.

### Fifth Defense

And now, with full reservation of all defenses hereinabove asserted, Nicholas Harrington, answers the allegations of the Complaint of American River Transportation Co., LLC for exoneration from or limitation of liability, as follows:

1.

The allegations of paragraph 1 of the Complaint are statements of law which are neither admitted nor denied.

2.

The allegations of paragraph 2 of the Complaint contains statements and conclusions of law, which are neither admitted nor denied.

3.

The allegations of paragraph 3 of the complaint are admitted.

4.

The allegations of paragraph 4 of the complaint are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of paragraph 5 of the Complaint are denied for lack of sufficient information to justify belief therein, except to admit that Nicholas Harrington was a passenger on the CREW RUNNER.

6.

The allegations of paragraph 6 of the Complaint are denied for lack of sufficient information to justify a belief therein, except to admit that Nicholas Harrington has asserted a claim and is represented by the undersigned.

7.

The allegations of paragraph 7 of the Complaint are denied.

8.

The allegations of paragraph 8 of the Complaint are denied.

9.

The allegations of paragraph 9 of the Complaint are denied.

10.

The allegations of paragraph 10 of the Complaint are denied.

11.

The allegation of paragraph 11 are denied.

12.

The allegations of paragraph 12 are denied.

13.

The allegation of paragraph 13 are denied.

14.

The allegations of paragraph 14 of the Complaint are denied for lack of sufficient information to justify a belief therein.

15.

The allegations of paragraph 15 of the Complaint are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of paragraph 16 of the Complaint are denied for lack of sufficient information to justify a belief therein.

17.

The allegations of paragraph 17 are denied.

18.

The allegations of paragraph 18 are denied.

19.

That allegations of paragraph 19 of the Complaint are denied for lack of sufficient information to justify a belief therein.

20.

The allegations of paragraph 20 of the Complaint are denied.

# **CLAIM**

And now, in accordance with the provisions of Supplemental Rule F(5) of the Federal Rules of Civil Procedure, Claimant, Nicholas Harrington, avers on information and belief the facts upon which he relies in support of his claim:

1.

On April 9, 2022, Nicholas Harrington was a passenger aboard the M/V CREW RUNNER.

2.

Due to the negligence, carelessness and fault of Plaintiff as owner and/or operator and/or charterer of the M/V CREW RUNNER and the unseaworthiness of the vessel, all of which was in the privity and knowledge of Plaintiff, Claimant, Nicholas Harrington, sustained injury to his hip and lower back and psyche resulting in severe and disabling injuries.

3.

Nothing the Claimant did or failed to do on the occasion caused or in any way contributed to cause his injuries.

4.

Claimant is entitled to maintain an action and bring this claim for the following damages arising out of the above-described injuries to Claimant, Nicholas Harrington, as follows:

(a) Claim is made for compensation for the physical, mental and emotional pain, suffering and impairment that has been and will be sustained by Nicholas Harrington as a result of the injuries.

(b) Claim is made for the loss of earnings and wage-earning capacity by Scott Hughes as a result of the injuries.

(c) Claim is made for the past and future medical expenses that have been and in reasonable probability will be incurred by Nicholas Harrington as a result of his injuries.

(d) Claim is made for costs of court, pre-judgment and post-judgment interest to which Claimant is entitled under the law.

(e) Claim is made for all other damages to which Claimant may prove entitlement at law or in equity.

5.

This claim is being made under protest and without prejudice to Claimant's position that this limitation is improper and should be dismissed.

6.

The damages of Claimant are unliquidated at this time but may exceed the limitation fund.

7.

Claimant desires and is entitled to a trial by jury in this matter.

**WHEREFORE,** Claimant, Nicholas Harrington, prays:

That the petition of American River Transportation Co., LLC, for exoneration from and/or limitation of liability be denied;

That Claimant may have judgment for damages against Limitation Plaintiffs for an amount in excess of the limitation fund in compensatory damages, together with interest and from the date of the occurrence until paid and costs against the plaintiff;

That Claimant desires and prays for a trial by jury in this matter.

>Respectfully submitted:
>
>MORRIS BART, LLC
>ATTORNEYS FOR PLAINTIFF
>601 POYDRAS STREET, 24TH FLOOR
>NEW ORLEANS, LA 70130
>TELEPHONE: (504) 525-8000
>FACSIMILE: (504) 324-0738
>EMAIL: sjohnson@morrisbart.com
>
>BY: /s/ *Stephen J. Johnson*
>_____
>STEPHEN J. JOHNSON, Bar #22439