1079-21015 #1844381

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN THE MATTER OF AMERICAN RIVER TRANSPORTATION CO., LLC, AS OWNER AND OPERATOR OF THE M/V CREW RUNNER, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | **CIVIL ACTION NO: 2:23-cv-01489**<br><br>**DISTRICT JUDGE:**<br>**HON. GREG G. GUIDRY**<br><br>**MAGISTRATE JUDGE:**<br>**HON. JANIS VAN MEERVELD** |

**ANSWER AND CLAIM OF LABOR SERVICES, L.L.C.**

**NOW INTO COURT**, through undersigned counsel, comes Labor Services, L.L.C. (hereinafter referred to as "Labor Services"), which pursuant to Fed. R. Civ. P. 9(h) and Rule F(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims, files its Answer and Claim in response to the Petition for Exoneration from or Limitation of Liability of Limitation Petitioner, American River Transportation Co., LLC (hereinafter referred to as "Petitioner" or "ARTCO"), as follows:

**FIRST DEFENSE**

The allegations contained in the Complaint fail to state a claim upon which relief may be granted.

**SECOND DEFENSE**

The Complaint is barred by the applicable period of prescription and/or statute of limitations and/or laches.

**THIRD DEFENSE**

Petitioner's filing of its Petition for Exoneration from or Limitation of Liability has failed to comply with the notice requirements contained in Rule F(4) of the Supplemental Rules for Admiralty or Maritime Claims and is therefore barred.

**FOURTH DEFENSE**

And now, without waiving any of the foregoing defenses, Labor Services responds to the allegations of the above-referenced Petition of ARTCO, categorically and by paragraph as follows:

1.

The allegations contained in Paragraph 1 are admitted.

2.

The allegations contained in Paragraph 2 are admitted.

3.

The allegations contained in Paragraph 3 are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraph 5 are denied for lack of sufficient information to justify a belief therein. However, based upon information and belief, it is admitted that Nicholas Harrington was aboard the CREW RUNNER at the time of the incident on April 9, 2022.

6.

The allegations contained in Paragraph 6, subpart (d), are admitted as they pertain to Labor Services. The remaining allegations of Paragraph 6, including subparts (a) and (c), are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph 8 are denied.

9.

The allegations contained in Paragraph 9 are denied.

10.

The allegations contained in Paragraph 10 are denied.

11.

The allegations contained in Paragraph 11 are denied.

12.

The allegations contained in Paragraph 12 are denied.

13.

The allegations contained in Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in Paragraph 14 constitute legal conclusions; thus, no response is necessary. To the extent any response is deemed required, the allegations contained in Paragraph 14 are denied.

15.

The allegations contained in Paragraph 15 are denied for lack of sufficient information to justify a belief therein.

16.

The allegations contained in Paragraph 16 constitute legal conclusions; thus, no response is necessary. To the extent any response is deemed required, the allegations contained in Paragraph 16 are denied.

17.

The allegations contained in Paragraph 17 constitute legal conclusions; thus, no response is necessary. To the extent any response is deemed required, the allegations contained in Paragraph 17 are denied.

18.

The allegations contained in Paragraph 18 constitute legal conclusions; thus, no response is necessary. To the extent any response is deemed required, the allegations contained in Paragraph 18 are denied.

19.

The allegations contained in Paragraph 19 do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

20.

The allegations contained in Paragraph 20 do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

**FIFTH DEFENSE**

Labor Services hereby reasserts, and incorporates herein as if set forth *in extenso*, its allegations, averments, denials, defenses, and affirmative defenses set forth in its Answer, Exceptions, and Affirmative Defenses of Labor Services, L.L.C. to Original Petition for Damages and Amended Petition for Damages and Cross-Claim Against Defendant, American River Transport Co., L.L.C. for Contribution and Indemnity, filed in *Nicholas Harrington v. River Parish Contractors, Inc., Labor Services, L.L.C and American River Transportation Co., L.L.C.*, Case No. C-79389, Fortieth Judicial District Court for the Parish of St. John the Baptist, State of Louisiana.

## SIXTH DEFENSE

Labor Services asserts any and all affirmative defenses averred or alleged by any other claimant in this Limitation of Liability action filed by ARTCO that may be favorably asserted by Labor Services and incorporates all such favorable affirmative defenses by reference as if asserted in full herein.

## SEVENTH DEFENSE

The incident at issue was proximately caused by the negligence of ARTCO and its principles, agents, servants, and/or employees, and was a direct and proximate result of the unseaworthy conditions existing aboard the M/V CREW RUNNER, which occurred with privity and knowledge of ARTCO, its principles, agents, servants, and/or employees. Accordingly, ARTCO is legally ineligible to limit its liability pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501, *et. seq*.

## EIGHTH DEFENSE

Labor Services avers that the incident in question was caused or contributed to by the fault and negligence of ARTCO and/or the CREW RUNNER, all of which was within the privity and knowledge of ARTCO, and, therefore, ARTCO should be held responsible for the damages resulting from the incident.

## NINTH DEFENSE

Labor Services further avers that the Limitation of Liability Act does not apply because Petitioner breached a duty relating to providing proper equipment and/or crew in operation of the vessel. Further, Petitioner had privity and knowledge of any negligence and/or fault and/or the unseaworthiness of the CREW RUNNER.

**TENTH DEFENSE**

Labor Services specifically asserts the *Pennsylvania* Rule, by which a presumption of causation is imposed upon the CREW RUNNER for its violation of a statutory or regulatory rule intended to prevent the Incident. *See The Pennsylvania*, 86 U.S. 125 (1873).

**ELEVENTH DEFENSE**

Labor Services avers that it was in no way responsible for the incident in question; it was not negligent.

**TWELFTH DEFENSE**

Labor Services avers that the incident in question resulted solely from the fault and negligence of Petitioner, and, therefore, Petitioner should be held responsible.

**THIRTEENTH DEFENSE**

Labor Services files this Answer and Claim without prejudice to its right to proceed against such other vessels, persons, business entities, associations, firms, and/or corporations which may have caused or contributed to the damages allegedly sustained by ARTCO or M/V CREW RUNNER, or from whom Labor Services is entitled to contribution, indemnity, or other recovery.

**FOURTEENTH DEFENSE**

Labor Services specifically asserts that the Limitation fund provided by Petitioner is inadequate. The Limitation value set forth in the Petition of the Petitioner and Declaration of Value is inadequate rendering the Petitioner's Limitation value deficient.

**FIFTEENTH DEFENSE**

Labor Services denies the allegations of any unnumbered and/or mis-numbered paragraphs, any allegations contained in the Prayer for Relief, and any allegations contained in the Complaint which have not heretofore been addressed.

**SIXTEENTH DEFENSE**

Labor Services specifically denies that Petitioner or any other claimants in this Limitation Action were injured as alleged. However, to the extent any injuries are proven, such injuries resulted from said party's sole fault, negligence, and/or inattention to duty, and, therefore, said party can have or make no recovery herein.

**SEVENTEENTH DEFENSE**

Petitioner's claims are barred by the doctrines of unclean hands, equitable estoppel, and other equitable defenses.

**EIGHTEENTH DEFENSE**

While denying any liability to any parties in this Limitation Action whatsoever, Labor Services further avers that the injuries allegedly sustained by said party(ies) were caused, in whole or in part, by the fault, acts, negligence, or omissions of a third party or parties over whom Labor Services exercises no control or supervision and for whom Labor Services has no responsibility or liability, such parties being solely and/or concurrently at fault or negligent; and in the event that it is determined that any party in this Limitation is entitled to recover from Labor Services, which is denied, said party's recovery should be reduced in proportion to the degree or percentage of negligence or fault of such third parties.

**NINETEENTH DEFENSE**

Petitioner's filing of its Petition has failed to comply with the requirements contained in Rule F of the Supplemental Rules for Admiralty or Maritime Claims or in the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq*., and should therefore be dismissed.

**TWENTIETH DEFENSE**

As Labor Services has not been provided an adequate opportunity to conduct an investigation of the M/V CREW RUNNER and its equipment, Labor Services reserve the right to seek spoliation charges, sanctions, and any other available remedies against Petitioner.

**TWENTY-FIRST DEFENSE**

Claimants further reserve any and all additional defenses as well as exceptions to the Limitation of Liability Act as may be more fully developed through further discovery. Further, Claimants reserve the right to amend these affirmative defenses at a later date, if necessary.

**CLAIM IN LIMITATION**

**AND NOW**, assuming the position of Claimant, Labor Services, L.L.C., respectfully alleges as follows:

1.

Nicholas Harrington alleges that on or about April 9, 2022, he was employed by Labor Services and was riding as a passenger onboard a crewboat, the M/V CREW RUNNER, which was owned and operated by ARTCO. Harrington alleges that he was employed as a Jones Act seaman, which status is expressly denied, pursuant to 46 U.S.C. § 30104. At all material times, Harrington was allegedly in the course and scope of his employment with Labor Services.

2.

As a result of the alleged Incident, Nicolas Harrington ("Harrington") filed a Petition for Damages and an Amended Petition for Damages in the Fortieth Judicial District Court for the Parish of St. John the Baptist, State of Louisiana, on March 17, 2023 and April 20, 2023, respectively, which action was assigned civil action no. C-79389. Harrington named River Parish Contractors, Inc., Labor Services, L.L.C., and American River Transportation Co., L.L.C. as defendants.

3.

In response to the Petition for Damages, ARTCO filed a Petition for Exoneration from and/or Limitation of Liability in this Court, on or about May 3, 2023.

4.

Upon and information belief, at all materials times, ARTCO was the owner and operator of the crewboat M/V CREW RUNNER.

5.

Harrington alleges that on April 9, 2022, he was passenger aboard the M/V CREW RUNNER, when the operator of the M/V CREW RUNNER navigated the vessel into a buoy, causing Harrington to sustain injuries to his low back and right hip (hereinafter "the Incident").

6.

Harrington has brought claims against Labor Services for negligence under the Jones Act, 46 U.S.C. § 30104, and under the general maritime law, including for maintenance and cure benefits from Labor Services, as well as unseaworthiness of the M/V CREW RUNNER and negligence of ARTCO.

## COUNT 1 – CONTRIBUTION FOR MAINTENANCE AND CURE

7.

Labor Services adopts the allegations contained in Paragraphs 1 through 6 of this Claim in Limitation, as if set forth herein in full.

8.

Labor Services expressly denies any assertions or allegations of fault, negligence, liability, or responsibility for any alleged damages or benefits by Harrington as a result of the alleged Incident, including any allegations under the Jones Act, 46 U.S.C. § 30104, and General Maritime Law including maintenance and cure, and reserves any defenses thereto.

9.

All alleged losses, injuries, and/or damages, if any, arising from the Incident were not caused or contributed to by any fault, neglect, lack of due diligence, negligence, or want of due care on the part of Labor Services.

10.

All alleged losses, injuries, and/or damages, if any, arising from the Incident were not caused or contributed to by any fault, neglect, lack of due diligence, negligence, or want of due care on the part of Labor Services.

11.

Under the General Maritime Law, an alleged Jones Act employer's obligation to pay maintenance and cure is not based on fault but arises as a result of its employer-employee relationship.

12.

However, an employer who pays maintenance and cure may recover those payments from a third-party who caused, in whole or in part, the employee's injury. See, e.g., *Complaint of Liberty Seafood, Inc.*, 38 F.3d 755 (5th Cir. 1994).

13.

While Labor Services at all times denies that plaintiff, Nicholas Harrington, qualifies as a Jones Act seaman and further denies any liability for the aforementioned Incident or any damages allegedly resulting therefrom, including maintenance and cure, to the extent Labor Services is found liable or responsible to plaintiff, Nicholas Harrington, in any manner whatsoever, whether for damages, maintenance and cure, or otherwise, Labor Services avers that the above-referenced Incident and any injuries or damages sustained by plaintiff, Nicholas Harrington, were caused, in whole or in part, by the negligence and/or fault of ARTCO (or those for whom it is responsible) in the following non-exclusive particulars:

a. Failure to properly operate and/or maintain control of the M/V CREW RUNNER;
b. Failure to exercise reasonable and ordinary care under the circumstances;
c. Failure to take proper precautions to avoid the Incident;
d. Failure to use safety measures available to prevent the Incident;
e. Failure to properly train employees, including the captain of the M/V CREW RUNNER;
f. Failure to maintain the M/V CREW RUNNER in a good and seaworthy condition;
g. Violation of the Inland Rules of Navigation;
h. Failure to maintain a proper lookout; and

    i.   Any and all other acts of negligence or fault which shall be proven at the trial of this matter.

14.

Should Labor Service pay maintenance and cure benefits or be cast in judgment for maintenance and cure benefits, Labor Services is entitled to indemnity and/or contribution for all maintenance and cure benefits paid to or on behalf of Harrington, from ARTCO, as owner and operator of the M/V CREW RUNNER, for the negligence and fault of ARTCO, the M/V CREW RUNNER and its crewmembers in causing and/or contributing to Harrington's injuries.

15.

ARTCO is indebted unto Labor Services for indemnity and/or contribution for all maintenance and cure benefits that may be paid to or on behalf of Harrington, from ARTCO, as owner and operator of the M/V CREW RUNNER, for the negligence and fault of ARTCO, the M/V CREW RUNNER, and its crewmembers in causing and/or contributing to Harrington's injuries.

## **COUNT 2 – TORT INDEMNITY AND/OR CONTRIBUTION**

16.

Labor Services adopts the allegations contained in Paragraphs 1 through 6 of this Claim in Limitation, as if set forth herein in full.

17.

Under the General Maritime Law, an alleged tortfeasor may seek contribution, indemnity, or apportionment from one who may be comparatively negligent or a joint tortfeasor. Maritime

contribution law provides for apportionment of joint tortfeasors' liability according to principles of comparative fault.

18.

Harrington has alleged negligence and fault on the part of Labor Services, all of which is denied.

19.

Labor Services contends that ARTCO, the M/V CREW RUNNER, and its crewmembers were negligent and at fault in causing and/or contributing to Harrington's injuries in:

a. Failure to properly operate and/or maintain control of the M/V CREW RUNNER;

b. Failure to exercise reasonable and ordinary care under the circumstances;

c. Failure to take proper precautions to avoid the Incident;

d. Failure to use safety measures available to prevent the Incident;

e. Failure to properly train employees, including the captain of the M/V CREW RUNNER;

f. Failure to maintain the M/V CREW RUNNER in a good and seaworthy condition;

g. Violation of the Inland Rules of Navigation;

h. Failure to maintain a propre lookout; and

i. Any and all other acts of negligence or fault which shall be proven at the trial of this matter.

20.

Should the Court find that the Incident occurred as alleged, Labor Services asserts that it is entitled to full tort indemnity and/or contribution as to any judgments or settlements for the fault

of ARTCO, the M/V CREW RUNNER, and its crewmembers. Alternatively, to the extent applicable, Labor Services is entitled to contribution in proportion to the degree of fault of ARTCO, the M/V CREW RUNNER, and its crewmembers, who are jointly liable for Harrington's injuries.

21.

ARTCO is indebted unto Labor Services for full tort indemnity and/or contribution as to any judgments or settlements for the fault of ARTCO, the M/V CREW RUNNER, and its crewmembers. Alternatively, to the extent applicable, ARTCO is indebted unto Labor Services for contribution in proportion to the degree of fault of ARTCO, the M/V CREW RUNNER, and its crewmembers, who are jointly liable for Harrington's injuries.

22.

Accordingly, should Labor Services pay and/or be required to pay any sums whatsoever to Harrington, by way of settlement, judgment, or otherwise, Labor Services avers it is entitled to indemnity, reimbursement, contribution, and/or otherwise from ARTCO, and for all such amounts as it has paid or may be required to pay to Harrington and/or any other parties, by way of any and all expenses and costs, together with its attorneys' fees, expenses, costs, and legal interest.

**WHEREFORE**, Claimant, Labor Services, L.L.C., prays that after due proceedings are had, its Answer and Claim in Limitation be deemed good and sufficient and, that after due proceedings be had, there be judgment herein in favor Claimant, Labor Services, L.L.C., and against Limitation Petitioner, American River Transportation Co., LLC, dismissing its Complaint for Exoneration from or, in the alternative, Limitation of Liability, and that there be judgment herein in favor of Labor Services, L.L.C., as Claimant, finding that Labor Services, L.L.C. is

entitled to contribution, indemnity and/or reimbursement from Limitation Petitioner, American River Transport Co., L.L.C., for all sums which Labor Services, L.L.C. may pay or be found required to pay to Claimant, Nicholas Harrington, whether by way of settlement, satisfaction, judgment and/or in maintenance and cure benefits. Claimant, Labor Services, L.L.C., further prays that it be granted such other and further relief as equity and the justice of the cause may require and permit.

Respectfully submitted,

 */s/Rowen F. Asprodites*
Aaron B. Greenbaum, T.A. (#31752)
Rowen F. Asprodites (#33135)
Salvador J. Pusateri (#21036)
Shelia R. Tolar (#40076)
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Aaron.Greenbaum@pjgglaw.com
Rowen.Asprodites@pjgglaw.com
Salvador.Pusateri@pjgglaw.com
Shelia.Tolar@pjgglaw.com
**ATTORNEYS FOR DEFENDANT,**
**LABOR SERVICES, L.L.C.**