## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN § | CIVIL ACTION NO.: 2-23-cv-01489 |
| RIVER TRANSPORTATION CO., LLC, § | |
| AS OWNER AND OPERATOR OF § | SECTION: T       DIVISION: 1 |
| THE M/V CREW RUNNER, PRAYING § | |
| FOR EXONERATION FROM OR § | JUDGE: GUIDRY |
| LIMITATION OF LIABILITY § | MAGISTRATE JUDGE: VAN MEERVELD |

## ANSWER TO PETITION FOR EXONERATION FROM
## AND/OR LIMITATION OF LIABILITY

**NOW INTO COURT**, ANDY LOVE ("Claimant"), files this Answer, Affirmative

Defenses and Claims in response to AMERICAN RIVER TRANSPORTATION CO., LLC

("Petitioners") Petition for Exoneration from or Limitation of Liability and upon information and

belief, states the following:

I.      <u>ANSWER</u>

### FIRST DEFENSE

Petitioner's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Claimant hereby responds to the specific allegations set forth in the Complaint as follows:

1.      Claimant admits to the allegations made in Paragraph 1 only as to the portion that

this Court has jurisdiction over this limitation matter, however, he objects to the prosecution of his

claim for damages in this Court and reserves his right to pursue his lawsuit currently pending in

the Circuit Court of Cook County, Illinois; Case No. 2023L003006; *Andy Love v. Archer Daniels*

*Midland Company and American River Transportation Co., LLC.*

2.      Claimant admits to the allegations asserted in Paragraph 2 only as to the portion

that venue is proper in the United States District Court for the Eastern District of Louisiana,

1

however, he objects to the prosecution of his claim for damages in this Court and reserves his right to pursue his lawsuit currently pending in the Circuit Court of Cook County, Illinois; Case No. 2023L003006; *Andy Love v. Archer Daniels Midland Company and American River Transportation Co., LLC.*

3.      The allegations in Paragraph 3 do not require a response.  However, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

4.      The allegations in Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5.      The allegations in Paragraph 5 are denied for lack of sufficient information to justify a belief therein.  However, it is admitted that Andy Love was aboard the M/V CREW RUNNER at the time of the Incident on April 9, 2022 and that he suffered injuries as a result of the same.

6.      The allegations in Paragraph 6 are denied for lack of sufficient information to justify a belief therein except to admit Andy Love has asserted a claim as a result of the April 9, 2022 Incident.

7.      The allegations in Paragraph 7 do not require a response.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

8.      The allegations in Paragraph 8 are denied.

9.      The allegations in Paragraph 9 are denied.

10.      The allegations in Paragraph 10 are denied.

11.      The allegations in Paragraph 11 are denied.

12.     The allegations in Paragraph 12 are denied.

13.     The allegations in Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

14.     The allegations in Paragraph 14 do not require a response.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

15.     The allegations in Paragraph 15 denied except to admit that Andy Love's claim exceeds $300,000.00

16.     The allegations in Paragraph 16 are denied.

17.     The allegations in Paragraph 17 are denied.

18.     The allegations in Paragraph 18 are denied.

19.     The allegations in Paragraph 19 do not require a response.  To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

20.     The allegations in Paragraph 20 are not statement of fact, but conclusions of law, from which no response is necessary from Claimant.  However, if a response is deemed necessary, said allegations are denied.

21.     The allegations contained in the prayer for relief are not statements of fact, but conclusions of law, from which no response is necessary from Claimant.  However, if a response is deemed necessary, said allegations are denied.  Claimant further specifically denies the adequacy of the valuation of the M/V CREW RUNNER and/or other vessels in its flotilla as asserted by Petitioners.  Claimant re-urges his prior objection to Petitioners failing to include the value of all vessels in the flotilla which were under the common operational control, supervision and enterprise in the limitation fund together with any and all insurance proceeds and/or coverage insuring

Petitioners in the event of an occurrence such as that which is the subject of Claimant's claims, and the proceeds of said insurance policy should be included in this limitation proceeding (in the event the Court determines these limitation proceedings are appropriate).  Claimant further denies the adequacy of Petitioners' *Ad Interim* Stipulation for Value/Letter of Undertaking for an amount equal to the value of its interest in the M/V CREW RUNNER and/or other vessels in its flotilla and their appurtenances and hereby makes demand for Petitioners to either deposit cash proceeds into the registry of the Court in the amount of the stated value of the vessel(s) and/or provide a bond for the value of the vessel(s), issued by a reputable surety company to be approved by the Court.  In doing so, Claimant specifically reserves the right to contest the stated value of the vessel and the limitation fund aforesaid.

### THIRD DEFENSE

The allegations of the Complaint fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

### FOURTH DEFENSE

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, this Honorable Court lacks personal jurisdiction over Claimant.

### FIFTH DEFENSE

The negligence or other fault (active or passive) of American River Transportation Co., LLC and/or Archer Daniels Midland Company and/or the unseaworthiness of American River Transportation Co., LLC and/or Archer Daniels Midland Company's vessels, which independently or in conjunction with one another was/were the sole cause of the Incident at issue, was/were within the privity or knowledge (actual or constructive) of American River Transportation Co.,

LLC and/or Archer Daniels Midland Company, its owners, its management, and/or those for which it or they is/are deemed responsible prior to the commencement of the vessel's voyage.

## SIXTH DEFENSE

Any and all damages suffered by Claimant were caused solely by the negligenceor other fault (active or passive) of American River Transportation Co., LLC and/or Archer Daniels Midland Company.

## SEVENTH DEFENSE

Any and all damages suffered by Claimant were caused solely by the unseaworthiness of the American River Transportation Co., LLC and/or the Archer Daniels Midland Company's vessel and/or American River Transportation Co., LLC and/or the Archer Daniels Midland Company's negligence, including its agents and employees.

## EIGHTH DEFENSE

American River Transportation Co., LLC and/or the Archer Daniels Midland Company are not entitled to exoneration from liability or to the limitation of liability under 46 U.S.C. §§ 30501, *et seq*.

## NINTH DEFENSE

The Limitation of Liability Act, 46 U.S.C. § 30501, *et seq*., is unconstitutional in that is deprives the Claimant of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

**TENTH DEFENSE**

Even if American River Transportation Co., LLC and Archer Daniels Midland Company are entitled to limit their liability as pled, which is and has been affirmatively denied, the limitation fund created by American River Transportation Co. and/or Archer Daniels Midland Company is grossly insufficient.  It is improperly based upon the incorrect value of the vessels, freight, revenue, etc., which is inadequate and insufficient.  Further, the fund created should be comprised of the value of the American River Transportation Co., LLC and/or Archer Daniels Midland Company's flotilla of vessels.

**ELEVENTH DEFENSE**

Claimant asserts the flotilla doctrine.  The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the Vessel and for the additional vessels within the flotilla, which were under common operational control, supervision, and enterprise.

**TWELFTH DEFENSE**

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to deposit adequate security for the Vessel identified in the Petition for Exoneration From or Limitation of Liability and for the additional vessels within the flotilla which were under common operational control, supervision and enterprise.  Pursuant to Rule F(1) of the Supplemental Rules for Certain Admirality and Maritime Claims, the proper limitation fund must be deposited at the time of filing.  Petitioners' deposit, at the time of filing, did not meet federal standards.  As such, this limitation action must be dismissed.

**THIRTEENTH DEFENSE**

The limitation fund is inadequate and the Complaint should be dismissed because Petitioners have failed to identify all of the vessels in the flotilla which should be included in the limitation fund.

**FOURTEENTH DEFENSE**

The Limitation of Liability Act is not applicable to the instant case because at all times pertinent herein, the M/V CREW RUNNER and/or other vessels contained within the flotilla were operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which lead to Claimant's injuries took place with the privity and knowledge of the owners, managing owners, owners *pro hac vice*, and/or operators of the vessels involved.

**FIFTEENTH DEFENSE**

The Limitation of Liability Act is not applicable in the instant case because at all relevant times, the M/V CREW RUNNER and/or other vessels within the flotilla were known by the owner and/or owner *pro hac vice* to be unseaworthy.

**SIXTEENTH DEFENSE**

To the extent Petitioner's insurers attempt to avail themselves of the limitation/exoneration defense, Claimant asserts that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances.  In the alternative, no *prima facie* `case has been made establishing they are entitled to avail themselves of the Limitation of Liability Act.

**SEVENTEENTH DEFENSE**

The Petition for Exoneration From or Limitation of Liability contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and

Claimant seeks more definitive statements of the allegations, regardless of the nature, manner and extent of their Claim and Answer herein.

## EIGHTEENTH DEFENSE

The events culminating in the injuries of Claimant were the result of the negligence, fault, or want of due care on the part of Petitioners and/or Archer Daniels Midland Company and/or those for whom Petitioners and/or Archer Daniels Midland Company are responsible, and/or the unseaworthiness of the M/V CREW RUNNER and/or other vessels within the flotilla under common operational control, supervision and enterprise, all of which was within the privity and knowledge of Petitioners, for which the Petition for Exoneration From or Limitation of Liability should be denied.

## NINETEENTH DEFENSE

The events culminating in the injuries of Claimant were not the result of any negligence, fault, or want of due care on Claimant's part or for whom Claimant may be responsible.

## TWENTIETH DEFENSE

Claimant further alleges that there was insurance coverage on the M/V CREW RUNNER insuring Petitioners and/or Archer Daniels Midland Company in the event of an occurrence such as that which is the subject of Claimant's claims, and the proceeds of said insurance policy should be included in this limitation proceeding (in the event the Court determines these limitation proceedings are appropriate).

## TWENTY-FIRST DEFENSE

Claimant states that the proceeds of any judgment, award, or settlement which may be received by Petitioners and/or Archer Daniels Midland Company from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioners

8

and/or Archer Daniels Midland Company, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

## TWENTY-SECOND DEFENSE

In filing this Answer and Claim, Claimant specifically reserves all rights to pursue all available claims in state court for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. § 1333, the Jones Act, and all state law remedies. The filing of this Claim and Answer is in no way a waiver of this right and defense and Claimant is not agreeing to join all issues in this proceeding by filing this Claim and Answer.

## TWENTY-THIRD DEFENSE

Claimant specifically reserves all rights to pursue all available claims in the forum of his choice for resolution of any and all issues beyond the exclusive jurisdiction of this admiralty court pursuant to the "Savings to Suitors" clause, 28 U.S.C. § 1333, the Jones Act, and all remedies, and no part of this Claim and Answer is a waiver of this defense or these rights. Claimant will move the Court to lift the injunction and stay of proceedings in other forums. *See In re Tetra Applied Tech., L.P.,* 362 F.3d 388 (5th Cir. 2004). Further, pursuant to the holding of *In re Liverpool, etc. Nav. Co. (Vestris)*, 57 F.2d 176, 179 (2d. Cir. 1932) and *The Silver Palm*, 94 F.2d 776, 780 (9th Cir. 1937), upon Petitioner's failure to obtain relief in this limitation action (should resolution of this action precede judgment in other actions), Claimant hereby asserts and claims his right to have his claims and damages tried to a jury in the court of his choosing.

## TWENTY-FOURTH DEFENSE

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of

the and pending freight, and how the funds are to be distributed to claimants.  *See* 46 U.S.C. § 30501, *et seq.*; see also THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 2ⁿᵈ Ed. § 13-5 (1994).  Because of the nature and circumstances of this action, a limitations proceeding is inappropriate and unjustified.

### TWENTY-FIFTH DEFENSE

Claimant reserves the right to contest the value of the M/V CREW RUNNER and/or for any additional vessels in the flotilla, their engines, apparel, appurtenances, pending freights, etc., and the adequacy of the security.

### TWENTY-SIXTH DEFENSE

Petitioner's Petition does not affect Claimant's right to maintenance and cure.  Thus, Petitioner's liability to Claimant, if any, for their intentional, willful, arbitrary, and capricious refusal to provide Claimant maintenance and cure is not limited to the value of any of its vessels.

### TWENTY-SEVENTH DEFENSE

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the vessel and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by the Petitioners.

### TWENTY-EIGHTH DEFENSE

Petitioners are not "vessel owners" entitled to seek exoneration from or limitation of liability under 46 U.S.C. § 30501, *et seq.*

### TWENTY-NINTH DEFENSE

Claimant reserves the right to move for bifurcation of this action so the only issues of fact decided by this Court are whether Petitioners were negligent, whether the vessel was unseaworthy,

and whether such negligence/unseaworthiness were within the privity and/or knowledge of Petitioners.  All other fact issues shall be decided in a court and/or forum of Claimant's choosing as is Claimant's rights under the Savings to Suitors clause and the Jones Act.

**AND NOW**, specifically reserving all defenses asserted herein, including, without limitation, Claimant's right to pursue his claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. § 1333, and all state law remedies, Claimant, files his Claim in the Petition for Exoneration From or Limitation to Liability, and asserts his claims for damages as follows:

## II.   <u>CLAIMS IN LIMITATION</u>

### 1.

Claimant re-urges each and every defense and objection set forth above as if the same were stated herein verbatim.  Moreover, Claimant suffered severe injuries as a result of the April 9, 2022 Incident involving the M/V CREW RUNNER.  At the time of the Incident, Claimant was a Jones Act seaman of Petitioners, and employed by Petitioners as a deckhand at all relevant times herein. At the time of the Incident, while the M/V CREW RUNNER was deployed on navigable waters and while Claimant was contributing to and aiding such vessel to accomplish its mission, Claimant sustained serious physical and mental injuries.

### 2.

American River Transportation Co., LLC and/or Archer Daniels Midland Company, are companies authorized to do business in the State of Louisiana, which at all times relevant herein was/were the owner(s), operator(s) and entity(ies) with *garde* of the M/V CREW RUNNER vessel in which Claimant was injured at the time of the Incident.   Likewise, American River Transportation Co., LLC and/or Archer Daniels Midland Company was/were the owner(s),

operator(s) and entity(ies) with *garde* of the machinery, equipment, and/or component parts located on the vessel at issue at the time of the Incident.

**3.**

This matter is brought pursuant to 46 U.S.C. § 688, more commonly known as the Jones Act, and/or under general maritime law for negligence, unseaworthiness, and maintenance and cure, and alternatively, under the general maritime laws of the United States including, but not limited to Rule 905(b) of the Longshore and Harbor Worker's Compensation Act ("LHWCA").

**4.**

At all times relevant herein, Claimant was working for Petitioners on Petitioners' vessel as a deckhand and was operating on navigable waters near the State of Louisiana.

**5.**

Petitioners, American River Transportation Co., LLC and/or Archer Daniels Midland Company are liable unto Claimant for this matter, to wit:

The Incident occurred on navigable waters, specifically the Mississippi River, near the State of Louisiana on a vessel owned, piloted, operated, controlled, maintained, and/or managed by American River Transportation Co., LLC and/or Archer Daniels Midland Company, and Defendants are justly and truly indebted to Claimant for damages for said Incident, in such amounts to be determined by this Court, together with legal interest from the date of judicial demand for the costs of these proceedings.

**6.**

On or about April 9, 2022, while Claimant was being transported on navigable waters along with other crew members aboard the vessel M/V CREW RUNNER the captain of the vessel, due to defective equipment, inattentiveness and/or insufficient training, education or supervision,

allowed the vessel to strike a floating object, which resulted in a violent collision. At all times relevant herein, the captain of the M/V CREW RUNNER was employed by American River Transportation Co., LLC and/or Archer Daniels Midland Company. As a result of the Incident, Claimant suffered severe injuries to his body, which resulted in physical pain, mental anguish, and required surgery.

**7.**

At the time of the Incident, American River Transportation Co., LLC and/or Archer Daniels Midland Company was the Jones Act employer of Claimant and violated its non-delegable duty to provide Claimant a safe working environment. American River Transportation Co., LLC and/or Archer Daniels Midland Company are liable to Claimant for its vessel negligence pursuant to the Jones Act and/or general maritime laws of the United States for negligently causing, creating, and/or allowing the existence of one or more unreasonably dangerous conditions on its vessel which caused or contributed to the Incident and Claimant's injuries.

**8.**

Claimant's injuries are a direct and proximate result of the negligence of American River Transportation Co., LLC and/or Archer Daniels Midland Company of the improper vessel at issue.

**9.**

Claimant in no way caused or contributed to cause the Incident complained of herein, nor the resultant damages.

**10.**

At all times relevant herein, American River Transportation Co., LLC and/or Archer Daniels Midland Company's vessel, M/V CREW RUNNER, was unseaworthy.

**A.    Negligence**

**11.**

This is an action for negligence under the Jones Act, 46 U.S.C. § 30104 and/or general maritime law.

**12.**

Claimant repeats, realleges, and incorporates all foregoing paragraphs, as if stated herein and further alleges:

**13.**

On or around April 9, 2022, at the aforesaid time and place, and at all times relevant herein, American River Transportation Co., LLC and/or Archer Daniels Midland Company owed Claimant the duty to operate, pilot, manage, maintain and/or control the vessel in which Claimant was aboard in an ordinary and reasonable manner so as to not injure Claimant.

**14.**

By negligently and/or carelessly operating, piloting, managing, maintaining, and/or controlling the vessel, American River Transportation Co., LLC and/or Archer Daniels Midland Company breached its duty of care owed to Claimant.

**15.**

The above-described April 9, 2022 Incident and the resulting injuries to Claimant were caused by the negligence of American River Transportation Co., LLC and/or Archer Daniels Midland Company, and/or its agents and employees, which negligence includes but is not limited to the following non-exclusive list of acts, omissions and/or defects of the vessel:

a) Negligently placing Claimant in a situation which it knew or should have known to be unreasonably dangerous;

b) Failure to warn Claimant of a condition(s) which it knew or should have known to be unreasonably dangerous;

c) Failure to maintain proper lookout, being distracted and/or inattentive;

d) Failure to take all reasonable efforts to avoid the Incident at issue herein;

e)      Failure to properly and safely operate and/or pilot the vessel at issue;

f)      Operating the vessel in an improper and unsafe manner;

g)      Failure to maintain, inspect, and/or repair the vessel at issue;

h)      Failure to hire, train, and/or supervise adequate personnel to work aboard the vessel at issue;

i)      Operating the vessel with an inadequate crew;

j)      Failure to provide a seaworthy vessel and/or crew;

k)      Failure to provide a sufficient number of properly trained crew members to keep the vessel in a safe condition;

l)      Failure to provide Claimant with a reasonably safe work environment;

m)     Allowing and/or causing the existence of an unreasonably dangerous condition(s) on its vessel;

n)      Inattentiveness of the Master and/or crew of its vessel;

o)      Failure to properly and sufficiently train and/or educate its employees on how to operate the M/V CREW RUNNER;

p)      Failing to prudently navigate its vessel;

q)      Negligently violating any and all applicable rules, regulations and/or standards;

r)      Violating applicable Coast Guard, OSHA and/or MMS rules;

s)      Failure to ensure the vessel was adequately maintained;

t)      Failure to provide equipment on the vessel which was not in need of repair and/or replacement;

u)      Negligent supervision; and

v)      Other acts deemed negligent and gross negligent to be proven at trial.

## 16.

As a direct and proximate result of American River Transportation Co., LLC and/or Archer Daniels Midland Company's breach, Claimant sustained injuries to his body, both mentally and physically.  Petitioners are liable for the following damages including, but not limited to:

a)      Mental pain and suffering; past, present and future;

b)      Physical pain and suffering; past, present and future;

c)      Medical expenses; past, present and future;

d)      Inconvenience; past, present and future;

e)      Loss of support, both financial and emotional; past, present and future;

f)      Disability; disfigurement and/or loss of enjoyment of life; past, present and future;

g)      Lost wages; past, present and future;

h)      Loss of earning capacity; past, present and future;

i)      Loss of household services; past, present and future;

j)      All damages allowed under the law which may be proven at trial.

**B.**     **Unseaworthiness of M/V CREW RUNNER**

**17.**

Claimant repeats, realleges, and incorporates all foregoing paragraphs, as if stated herein and further alleges:

**18.**

At all times relevant herein, American River Transportation Co., LLC and/or Archer Daniels Midland Company owned, operated, piloted, managed, maintained, and/or controlled the vessel at issue, M/V CREW RUNNER.

**19.**

At all times relevant herein, American River Transportation Co., LLC and/or Archer Daniels Midland Company's vessel, M/V CREW RUNNER, was unseaworthy.

**20.**

On or about April 9, 2022, Claimant was within the course and scope of his employment as a crew member and was performing his normal duties aboard the M/V CREW RUNNER while the M/V CREW RUNNER was under way.

**21.**

Pursuant to the general maritime law of the United States, American River Transportation Co., LLC and/or Archer Daniels Midland Company owed Claimant an absolute and non-delegable duty to provide Claimant with a vessel that was seaworthy in all respects.  American River Transportation Co., LLC and/or Archer Daniels Midland Company breached this duty to Claimant. A vessel that is operated, piloted, managed, maintained, and/or controlled by American River Transportation Co., LLC and/or Archer Daniels Midland Company and collides into a floating

object is unseaworthy as a matter of law.  The M/V CREW RUNNER was also unseaworthy due to one or more of the following reasons:

a)     The M/V CREW RUNNER was not reasonably fit for its intended purpose because it was not properly maintained and created a dangerous condition(s);

b)     The M/V CREW RUNNER was not reasonably fit for its intended purpose because American River Transportation Co., LLC and/or Archer Daniels Midland Company's crew were inadequately educated, trained and/or supervised and created a dangerous condition(s); and

c)     The M/V CREW RUNNER was not reasonably fit for its intended purpose because American River Transportation Co., LLC and/or Archer Daniels Midland Company's failed to follow sound management practices necessary to provide Claimant a safe working environment.

d)     Prior to the Incident and Claimant's sustaining injuries, American River Transportation Co., LLC and/or Archer Daniels Midland Company failed to investigate and/or lookout for the hazards to Claimant and then take the necessary steps to eliminate the hazard(s), avoid the hazard(s), or warn Claimant of the danger of the hazard(s).

e)     The unseaworthiness of the M/V CREW RUNNER occurred within the privity and knowledge of American River Transportation Co., LLC and/or Archer Daniels Midland Company.

**22.**

As a direct and proximate result of the M/V CREW RUNNER's unseaworthiness, Claimant sustained injuries to his body, both physical and mental.  American River Transportation Co., LLC and/or Archer Daniels Midland Company are liable to Claimant for the following damages including, but not limited to:

a)     Mental pain and suffering; past, present and future;
b)     Physical pain and suffering; past, present and future;
c)     Medical expenses; past, present and future;
d)     Inconvenience; past, present and future;

    e)      Loss of support, both financial and emotional; past, present and future;
    f)      Disability; disfigurement and/or loss of enjoyment of life; past, present and future;
    g)      Lost wages; past, present and future;
    h)      Loss of earning capacity; past, present and future;
    i)      Loss of household services; past, present and future;
    j)      All damages allowed under the law which may be proven at trial.

**C.   Maintenance and Cure**

**23.**

Claimant repeats, realleges, and incorporates all foregoing paragraphs, as if stated herein and further alleges:

**24.**

Pursuant to General Maritime Law of the United States of America, American River Transportation Co., LLC and/or Archer Daniels Midland Company, has the absolute and non-delegable duty to provide Claimant with maintenance and cure benefits from the date he was rendered unfit for duty until maximum cure is achieved.  American River Transportation Co., LLC and/or Archer Daniels Midland Company has/have failed to properly and/or timely make maintenance payments.  Therefore, Claimant is entitled to punitive damages pursuant to law.  Further, American River Transportation Co., LLC and/or Archer Daniels Midland Company has failed to properly and/or timely pay Claimant's cure.  Thus, he is entitled to punitive damages pursuant to law as well as general and punitive damages for the worsening of Claimant's condition due to failure to properly pay for treatment.

**25.**

As a result of the Incident, Claimant was rendered unfit for duty.

**26.**

American River Transportation Co., LLC and/or Archer Daniels Midland Company are indebted to Claimant for past and future maintenance and cure benefits in the amount mandated

18

by law until maximum cure is achieved, and for all costs of cure incurred by Claimant from April 9, 2022 until maximum cure is achieved, as well as all attorney's fees incurred herein.

**27.**

The general maritime law of the United States protects seaman from certain acts of American River Transportation Co., LLC and/or Archer Daniels Midland Company, which are egregious in nature, by awarding exemplary damages.

**28.**

American River Transportation Co., LLC and/or Archer Daniels Midland Company caused damages to Claimant by failing to timely provide maintenance and cure benefits, which is wanton, egregious, arbitrary, capricious, and/or outrageous conduct.

**29.**

As a result of the April 9, 2022 Incident, Claimant suffered physical and mental injuries as well as inconvenience, entitling him to recover damages, including, but not limited to:

a) Mental pain and suffering; past, present and future;
b) Physical pain and suffering; past, present and future;
c) Medical expenses; past, present and future;
d) Inconvenience; past, present and future;
e) Loss of support, both financial and emotional; past, present and future;
f) Disability; disfigurement and/or loss of enjoyment of life; past, present and future;
g) Lost wages; past, present and future;
h) Loss of earning capacity; past, present and future;
i) Loss of household services; past, present and future;
j) All damages allowed under the law which may be proven at trial.

**D.   Punitive Damages**

Claimant repeats, realleges, and readopts the paragraphs above, as if stated herein and further alleges:

**30.**

Claimant is also entitled to punitive damages because the aforementioned actions of Petitioners were grossly negligent and reckless.  Petitioners' conduct was willful, wanton, arbitrary, and capricious.  They acted with flagrant and malicious disregard for Claimant's health and safety and the health and safety of his co-workers.  Petitioners were subjectively aware of the extreme risk posed by the conditions which caused Claimant's injuries, but did nothing to rectify them.  Instead, Petitioners proceeded despite the dangerous conditions and/or hazards that were posed to Claimant by the reckless navigation of the vessel, the reckless planning of the vessel's voyage, and the vessel's faulty and defective equipment.  Petitioners did so knowing that the conditions and/or hazards posed dangerous and grave safety concerns.  Petitioners' acts and/or omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Claimant and others.  Petitioners had actual, subjective awareness of the risk, and consciously disregarded such risk.  Moreover, Claimant may recover punitive damages under the general maritime laws because of the vessel's unseaworthiness following the United States Supreme Court's ruling in *Atlantic Sounding* and *Baker*.  All of the conduct mentioned in the above paragraphs was within the knowledge and privity of Petitioners.

**WHEREFORE**, Claimant, Andy Love, prays that after due proceedings are had that:

a.      Claimant's Answer be deemed good and sufficient;

b.      The Petition for Exoneration From or Limitation of Liability be dismissed and the injunction or stay of proceedings granted in this matter be dissolved;

c.      Alternatively, Petitioners be required to deposit additional security in the minimum amount required by law for the full value of all vessels in the flotilla which were under common operational control and supervision and engaged in a common enterprise and that said security be

by way of a cash deposit into the registry of the Court or a bond issued by a surety approved by the Court and be based upon an appraisal issued by a commissioner appointed by the Court; in default of which the Petition for Exoneration From or Limitation of Liability be dismissed; and pending such deposit any injunction or stay of proceedings be dissolved;

        d.      There be judgment rendered herein in favor of Claimant against Petitioners, both jointly and severally, with full prejudice and at their cost, for all damages as are reasonable in the premises, together with the maximum legal interest thereon from the date of the Incident until paid and for all costs of this proceeding;

        e.      Claimant be allowed to proceed and prosecute his Claim without payment of costs;

        f.      Claimant demands a trial by jury.  *See Luera v. M/V Alberta*, 635 F.3d 181 (5th Cir. 2011).

        g.      For all such other and further relief to which Claimant may be entitled under law and in equity.

        Respectfully submitted,

        MORROW & SHEPPARD LLP

        /s/*Daniel E. Sheppard*
        Daniel E. Sheppard
        Bar Roll No. 38076
        *msfiling@morrowsheppard.com*
        *dsheppard@morrowsheppard.com*
        5151 San Felipe Street
        Houston, Texas 77056
        Telephone: (713) 489-1206
        Facsimile: (713) 893-8370

        -   AND  -

        GETTYS LAW GROUP

        */s/ Lawrence Gettys*
        Lawrence Gettys

Bar Roll No. 23753
*lawrence@gettyslaw.com*
9191 Siegen Lane, Ste. 7
Baton Rouge, Louisiana 70810
Telephone: (225) 484-6376

*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF filing system.  Notice of this filing will be sent to counsel for all parties by operation of the Court's electronic filing system.


*/s/Daniel E. Sheppard*
Daniel E. Sheppard