# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN RIVER TRANSPORTATION CO., LLC, AS OWNER AND OPERATOR OF THE M/V CREW RUNNER, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.: **2:23-cv-01489** <br><br> SECTION: **T**   DIVISION: **1** <br><br> JUDGE: **GUIDRY** <br><br> MAGISTRATE JUDGE: **VAN MEERVELD** |

## AMERICAN RIVER TRANSPORTATION CO., LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO CLAIM OF LABOR SERVICES, LLC, REC. DOC. 9

**NOW INTO COURT**, through undersigned counsel, comes Petitioner-In-Limitation/Defendant, American River Transportation Co., LLC ("ARTCO"), who files this Answer and Affirmative Defenses to Claim of Labor Services, LLC ("Labor Services"), Rec. Doc. 9.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Labor Services' claim fails to state a cause and/or right of action upon which relief may be granted.

### SECOND DEFENSE

Harrington's injuries, if any, resulted from his sole fault, negligence, misconduct, or inattention to duty.

### THIRD DEFENSE

ARTCO was not negligent in any way and provided proper training, staffing, and equipment as appropriate.

**FOURTH DEFENSE**

Any ARTCO vessel involved in Harrington's incident was tight, staunch, properly manned, and in all respects seaworthy and fit for the services in which it was engaged.

**FIFTH DEFENSE**

In the alternative, if any ARTCO vessel was involved in Harrington's incident, and it is found to be unseaworthy, such unseaworthiness did not proximately cause Harrington's injuries.

**SIXTH DEFENSE**

Harrington's injuries and damages, if any, were caused by the negligence or fault of third parties, which bars or reduces any recovery from ARTCO.

**SEVENTH DEFENSE**

Harrington's alleged injuries were caused in whole or in part by a subsequent incident unrelated to any incident involving ARTCO, the CREW RUNNER, or any other vessel owned/operated by ARTCO.

**EIGHTH DEFENSE**

ARTCO was not the borrowing employer of Harrington at the time of the incident.

**AND NOW,** in answer to Labor Services' claim, ARTCO avers as follows:

1.

ARTCO admits that Harrington makes the allegations contained in Paragraph 1 of Labor Services' claim.

2.

ARTCO admits the allegations in Paragraph 2 of Labor Services' claim.

3.

ARTCO admits the allegations in Paragraph 3 of Labor Services' claim.

**4.**

ARTCO admits the allegations in Paragraph 4 of Labor Services' claim.

**5.**

ARTCO admits that Harrington made the allegations as described in Paragraph 5 of Labor Services' claim, but ARTCO denies the substance of the allegations for lack of information sufficient to maintain a belief therein.

**6.**

ARTCO admits that Harrington brought the claims described in Paragraph 6 of Labor Services' claim but denies the substance of the allegations as pertain to ARTCO.

**7.**

In response to Paragraph 7, ARTCO adopts its answers to Paragraphs 1 through 6 of Labor Services' claim as if set forth in full herein.

**8.**

ARTCO admits that Labor Services denies liability as set forth in Paragraph 8 of its claim, but ARTCO denies the substance of those claims.

**9.**

ARTCO denies the allegations in Paragraph 9 of Labor Services' claim.

**10.**

ARTCO denies the allegations in Paragraph 10 of Labor Services' claim.

**11.**

Paragraph 11 of Labor Services' claim is a legal conclusion, which necessitates no response. To the extent a response is required, ARTCO denies any allegations in Paragraph 11.

**12.**

Paragraph 12 of Labor Services' claim is a legal conclusion, which necessitates no response. To the extent a response is required, ARTCO admits denies any allegations in Paragraph 12.

**13.**

ARTCO denies Paragraph 13 of Labor Services' claim and all subparts.

**14.**

ARTCO denies Paragraph 14 of Labor Services' claim.

**15.**

ARTCO denies Paragraph 15 of Labor Services' claim.

**16.**

In response to Paragraph 16, ARTCO adopts its answers to Paragraphs 1 through 6 of Labor Services' claim as if set forth in full herein.

**17.**

Paragraph 17 of Labor Services' claim is a legal conclusion, which necessitates no response. To the extent a response is required, ARTCO denies any allegations in Paragraph 17.

**18.**

ARTCO admits that Labor Services denies liability, as set forth in Paragraph 18, but ARTCO denies the substance of those claims.

**19.**

ARTCO denies the allegations in Paragraph 19 and all subparts.

**20.**

ARTCO denies the allegations in Paragraph 20.

**21.**

ARTCO denies the allegations in Paragraph 21.

**22.**

ARTCO denies the allegations in Paragraph 22.

**23.**

ARTCO categorically denies any unanswered allegations, including those contained in the prefatory paragraphs or prayer for relief.

**WHEREFORE**, Petitioner-In-Limitation/Defendant, American River Transportation Co., LLC, prays that its Answer to Claim in Limitation filed on behalf of Labor Services, LLC be deemed good and sufficient and, that after due proceedings are had, there be judgment in favor of American River Transportation Co., LLC, together with legal interest, costs, and for all general and equitable relief to which it may be entitled.

Respectfully submitted:

**McGLINCHEY STAFFORD, PLLC**

<u>/s/ Morgan E. Kelley</u>
Kevin M. Frey (#35133)
Marcelle Mouledoux (#30339)
Morgan E. Kelley (#38299)
Gillian M. McCarroll (#40452)
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone (504) 586-1200
Facsimile (504) 596-2800
kfrey@mcglinchey.com
mmouledoux@mcglinchey.com
mkelley@mcglinchey.com
gmccarroll@mcglinchey.com

*Counsel for American River Transportation Co., LLC*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on July 21, 2023, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all persons electronically noticed.

      */s/ Morgan E. Kelley*