# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN RIVER TRANSPORTATION CO., LLC, AS OWNER AND OPERATOR OF THE M/V CREW RUNNER, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.: **2:23-cv-01489** <br><br> SECTION: **T**  DIVISION: **1** <br><br> JUDGE: **GUIDRY** <br><br> MAGISTRATE JUDGE: **VAN MEERVELD** |

## AMERICAN RIVER TRANSPORTATION CO., LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO CLAIM OF ANDY LOVE, REC. DOC. 10

**NOW INTO COURT**, through undersigned counsel, comes Petitioner-In-Limitation/Defendant, American River Transportation Co., LLC ("ARTCO"), who files this Answer and Affirmative Defenses to Claim of Andy Love, Rec. Doc. 10.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Love has no cause or right of action against ARTCO.

### SECOND DEFENSE

Love is not a seaman, but a longshoreman or shore side worker covered under the Longshore and Harbor Workers Compensation Act or state workers compensation regimes.

### THIRD DEFENSE

Love's injuries, if any, resulted from his sole fault, negligence, misconduct, or inattention to duty.

### FOURTH DEFENSE

ARTCO was not negligent in any way and provided proper training, staffing, and equipment as appropriate.

**FIFTH DEFENSE**

Any ARTCO vessel involved in Love's incident was tight, staunch, properly manned, and in all respects seaworthy and fit for the services in which it was engaged.

**SIXTH DEFENSE**

In the alternative, if any ARTCO vessel was involved in Love's incident, and it is found to be unseaworthy, such unseaworthiness did not proximately cause Love's alleged injuries.

**SEVENTH DEFENSE**

Love's alleged injuries predated the incident.

**EIGHTH DEFENSE**

Love's injuries and damages, if any, were caused by the negligence or fault of third parties, which bars or reduces any recovery from ARTCO.

**NINTH DEFENSE**

To the extent Love was injured aboard a vessel or barge owned and/or operated by ARTCO, such accident was caused by an open and obvious condition.

**TENTH DEFENSE**

Love failed to mitigate his damages.

**ELEVENTH DEFENSE**

Love's alleged injuries were caused in whole or in part by a subsequent incident unrelated to any incident involving ARTCO, the CREW RUNNER, or any other vessel owned/operated by ARTCO.

**TWELFTH DEFENSE**

ARTCO is entitled to a credit or offset for all damages attributable to any of Love's pre-existing or subsequently occurring damages or conditions.

**THIRTEENTH DEFENSE**

Service is improper.

**FOURTEENTH DEFENSE**

Love is not entitled to prejudgment interest on future damages.

**FIFTEENTH DEFENSE**

Love is not entitled to punitive damages.

**SIXTEENTH DEFENSE**

Love is not entitled to a jury trial in connection with the limitation action.

**SEVENTEENTH DEFENSE**

Love is not entitled to attorneys' fees.

**EIGHTEENTH DEFENSE**

Love has reached maximum medical improvement is no longer entitled to maintenance and cure.

**AND NOW**, in answer to Love's claim, ARTCO avers as follows:

**1.**

ARTCO denies the allegations in Paragraph 1 of Love's claim.

**2.**

ARTCO admits that it was a company authorized to do business in Louisiana at all relevant times and that it was the owner and/or operator of the M/V CREW RUNNER at the time of the incident. ARTCO denies the remaining allegations in Paragraph 2 of Love's claim for lack of information sufficient to justify a belief therein.

**3.**

Paragraph 3 of Love's claim contains legal conclusions to which no response is required. To the extent a response is necessary, ARTCO denies any allegations contained in Paragraph 3.

**4.**

ARTCO denies the allegations in Paragraph 4 of Love's claim.

**5.**

ARTCO denies the allegations in Paragraph 5 of Love's claim.

**6.**

ARTCO denies the allegations in Paragraph 6 of Love's claim.

**7.**

ARTCO denies the allegations in Paragraph 7 of Love's claim.

**8.**

ARTCO denies the allegations in Paragraph 8 of Love's claim.

**9.**

ARTCO denies the allegations in Paragraph 9 of Love's claim.

**10.**

ARTCO denies the allegations in Paragraph 10 of Love's claim.

**11.**

Paragraph 11 of Love's claim contains legal conclusions to which no response is required. To the extent a response is necessary, ARTCO denies any allegations contained in Paragraph 11.

**12.**

In response to Paragraph 12, ARTCO re-alleges all responses to the foregoing paragraphs.

**13.**

Paragraph 13 of Love's claim contains legal conclusions to which no response is required. To the extent a response is necessary, ARTCO denies any allegations contained in Paragraph 13.

**14.**

ARTCO denies the allegations in Paragraph 14 of Love's claim.

**15.**

ARTCO denies the allegations in Paragraph 15, including all subparts, of Love's claim.

**16.**

ARTCO denies the allegations in Paragraph 16, including all subparts, of Love's claim.

**17.**

In response to Paragraph 17, ARTCO re-alleges all responses to the foregoing paragraphs.

**18.**

ARTCO admits that it owned and operated the CREW RUNNER at the time of the incident. ARTCO denies the remaining allegations in Paragraph 18 of Love's claim.

**19.**

ARTCO denies the allegations in Paragraph 19 of Love's claim.

**20.**

ARTCO denies the allegations in Paragraph 20 of Love's claim.

**21.**

ARTCO denies the allegations in Paragraph 21, including all subparts, of Love's claim.

**22.**

ARTCO denies the allegations in Paragraph 22, including all subparts, of Love's claim.

**23.**

In response to Paragraph 23, ARTCO re-alleges all responses to the foregoing paragraphs.

**24.**

ARTCO denies the allegations in Paragraph 24 of Love's claim.

**25.**

ARTCO denies the allegations in Paragraph 25 of Love's claim.

**26.**

ARTCO denies the allegations in Paragraph 26 of Love's claim.

**27.**

ARTCO denies the allegations in Paragraph 27 of Love's claim.

**28.**

ARTCO denies the allegations in Paragraph 28 of Love's claim.

**29.**

ARTCO denies the allegations in Paragraph 29, including all subparts, of Love's claim.

**30.**

ARTCO categorically denies any unanswered allegations, including those contained in the prefatory paragraph or prayer for relief.

**WHEREFORE**, Petitioner-In-Limitation/Defendant, American River Transportation Co., LLC prays that its Answer to Claim in Limitation filed on behalf of Andy Love be deemed good and sufficient and that, after due proceedings are had, there be judgment in favor of American River Transportation Co., LLC, together with legal interest, costs, and for all general and equitable relief to which it may be entitled.

Respectfully submitted:

**McGLINCHEY STAFFORD, PLLC**

*/s/ Morgan E. Kelley*
Kevin M. Frey (#35133)
Marcelle Mouledoux (#30339)
Morgan E. Kelley (#38299)
Gillian M. McCarroll (#40452)
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone (504) 586-1200
Facsimile (504) 596-2800
kfrey@mcglinchey.com
mmouledoux@mcglinchey.com
mkelley@mcglinchey.com
gmccarroll@mcglinchey.com

*Counsel for American River Transportation Co., LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 21, 2023, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all persons electronically noticed.

*/s/ Morgan E. Kelley*