UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN RIVER TRANSPORTATION CO., LLC, AS OWNER AND OPERATOR OF THE M/V CREW RUNNER, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.: 2:23-cv-01489<br><br>SECTION: T    DIVISION: 1<br><br>JUDGE: GREG G. GUIDRY<br><br>MAGISTRATE JUDGE: JANIS VAN MEERVELD |

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE JURY DEMAND OF ANDY LOVE AND NICHOLAS HARRINGTON**

Limitation Petitioner, American River Transportation Co., LLC ("ARTCO"), herein respectfully move this Court to strike the jury demands of Claimants Andy Love ("Love") and Nicholas Harrington ("Harrington"), as the Claimants are not entitled to a jury in this Limitation Action. ARTCO filed this Limitation Action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, thereby invoking the Court's admiralty jurisdiction of this matter under which a right to jury is not recognized. Accordingly, ARTCO seeks an order from this Court striking the jury demands of Claimants Love and Harrington, and acknowledging the trial of this matter will be held before this Honorable bench.

**Factual Background**

On April 9, 2022, the CREW RUNNER was transporting ARTCO employees and contractors on the Lower Mississippi River when it allided with a buoy (the "Incident"). Two ARTCO employees, Larry Turner and Andy Love, and one contractor, Nicholas Harrington, were on the CREW RUNNER at the time of the Incident and alleged they suffered injuries as a result of same. Following the Incident, ARTCO filed a Petition for Exoneration From or Limitation of

Liability ("Complaint in Limitation") (Rec. Doc. 1) on May 3, 2023. ARTCO filed its Complaint in Limitation within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, thereby invoking the Court's admiralty jurisdiction of this matter.

On June 21, 2023, Harrington filed his Answer and Claim in this matter for alleged injuries he suffered as a result of the Incident. (R. Doc. 7). In his Answer and Claim, Harrington prayed for a jury. (R. Doc. 7 at p. 6, paragraph 7).

On June 30, 2023, Love filed his Answer and Claim in this matter for alleged injuries he suffered as a result of the Incident. (R. Doc. 10). In his Answer and Claim, Love prayed for a jury citing *Luera v. M/V ALBERTA*, 635 F.3d 181, 196 (5th Cir. 2011). (R. Doc. 10 at p. 21, paragraph f).[1]

## Law and Argument

"One of the historical procedures unique to admiralty is that a suit in admiralty does not carry with it the right to a jury trial." *Luera v. M/V ALBERTA*, 635 F.3d 181 (5th Cir. 2011) (citing *Waring v. Clarke*, 46 U.S. 441 (1847). Thus, there is no right to a jury trial where the complaint brings suit under the court's admiralty jurisdiction. *Id.* (citing *T.N.T. Marine Serv., Inc. V. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 587 (5th Cir. 1983)). The procedure for a Limitation Action as laid out in Rule F of the Supplemental Admiralty and Maritime Claims and as recognized by the U.S. Supreme Court is as follows:

> The district court secures the value of the vessel or owner's interests, marshals claims, and enjoins prosecution of other actions with respect to the claims. In these proceedings the court, *sitting without a jury*, adjudicates the claims. The court determines whether the vessel owner is liable and whether the owner may limit liability. The court then determines the validity of the claims, and if liability is limited, distributes the limited fund among the claimants.

---

[1] Claimants Larry Turner and Labor Services, LLC's Answer and Claims did not include jury demands. (R. Docs. 5 and 9).

*Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001) (emphasis added). Courts within this District routinely grant motions to strike jury demands by a claimants in Limitation Actions. *See, e.g., In re Am. River Transportation Co.*, No. 20-416, 2020 WL 6382660, at *1 (E.D. La. Oct. 30, 2020); *Dufrene v. Cass Marine Grp., LLC*, No. CV 18-8186, 2019 WL 446589, at *1 (E.D. La. Feb. 5, 2019).

In this case, ARTCO filed its Complaint in Limitation pursuant to Rule F of the Supplemental Admiralty and Maritime Claims, specifically invoking the court's admiralty jurisdiction under Rule 9(h) of the Federal Rules of Civil Procedure. Thus, this Limitation Action is solely within the Court's admiralty jurisdiction, under which no right to trial by jury exists.

In his Answer and Claim, Love cites *Luera* in support for his alleged right to trial by jury. However, this case, is distinguishable from *Luera*. In *Luera*, the plaintiff in her complaint brought *in rem* admiralty claims against two vessels in the same complaint as *in personam* claims premised on diversity jurisdiction. 635 F.3d at 187. The issue decided by the court in that case was "whether the plaintiff automatically makes a Rule 9(h) election to proceed under the admiralty rules when she specifically asserts only diversity jurisdiction for one claim in the same complaint. *Id*. at 189. *Luera* is distinguishable from this matter because that case was not a Limitation Action. In this case, ARTCO filed Limitation Action pursuant to Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and specifically invoked the Court's admiralty jurisdiction under Rule 9(h). A Limitation Action is a matter where a vessel owner deposits a fund to take the place of the vessel and the claimants litigate against the fund, *in rem*. The issue presented before the court in *Luera* is not present in this matter. Thus, Love and

Harrington have no right to trial by jury for his claims in federal court in this Limitation Action.

It should be noted that in his Claim, Love reserves his right to pursue his claim in state court pursuant to the Savings to Suitors Clause. ARTCO does not deny that if this Court has grounds to stay the Limitation Action and lift its injunction against proceedings in state court, as is, then Love might have the right to file his claims in state court and to request a trial by jury. However, Love and the other claimants had not made the requisite showing or stipulations in order to allow the Court to stay the Limitation Action and lift its injunctions against proceedings in state court. *See, e.g.*, *Lewis*, 531 U.S. at 450-456. Thus, while Love's claims remain in federal court within the confines of this Limitation Action, he does not have the right to have his case heard by a jury.

The Claimants in the captioned action do not have a right to have their cases heard by a jury. Therefore, the Court should grant ARTCO's Motion to Strike Love and Harrington's jury demands.

Respectfully submitted,

**MCGLINCHEY STAFFORD, PLLC**

*/s/ Gillian M. McCarroll*
KEVIN M. FREY (#35133)
MARCELLE P. MOULEDOUX (#30339)
MORGAN E. KELLEY (#38299)
GILLIAN M. MCCARROLL (#40452)
601 Poydras St., 12th Floor
New Orleans, LA 70130
Telephone: (504) 586-1200
Facsimile: (504) 596-1800
mmouledoux@mcglinchey.com
kfrey@mcglinchey.com
mkelley@mcglinchey.com
gmccarroll@mcglinchey.com

**ATTORNEYS FOR AMERICAN RIVER TRANSPORTATION CO., LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th of September , I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all persons electronically noticed.

*/s/ Gillian M. McCarroll*
GILLIAN M. MCCARROLL