# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF AMERICAN | § | CIVIL ACTION NO.: 2-23-cv-01489 |
| RIVER TRANSPORTATION CO., LLC, | § | |
| AS OWNER AND OPERATOR OF | § | SECTION: T    DIVISION: 1 |
| THE M/V CREW RUNNER, PRAYING | § | |
| FOR EXONERATION FROM OR | § | JUDGE: GUIDRY |
| LIMITATION OF LIABILITY | § | MAGISTRATE JUDGE: VAN MEERVELD |

## MEMORANDUM IN SUPPORT OF MOTION TO BIFURCATE LIMITATION PROCEEDINGS

Claimant Andy Love, files this memorandum in support of his motion to bifurcate his claims against American River Transportation Co. (hereinafter, "ArtCo") in the instant case and moves the Court to enter an order of bifurcation in this Limitation of Liability proceeding.

### I.

The Claimant is a personal-injury plaintiff who was injured on April 9, 2022 while serving aboard the M/V CREW RUNNER when it allided with a buoy (hereinafter, the "Incident"). Claimant originally filed suit in state court against two defendants demanding a jury trial.[1] The defendants in the state court action included vessel owners (1) Archer-Daniels-Midland Company and (2) ArtCo (the petitioner in Case No. 2:20-cv-01489).[2] ArtCo filed the Limitation of Liability action at issue. After doing so, Claimant filed his claims in this Limitation of Liability action to preserve his rights against these parties, including his right to pursue his state court claims, his

---

[1]   Exhibit 1, Plaintiff's state-court Complaint, p. 1, p. 14 (noting that Plaintiff filed suit against two defendants in state court demanding a jury trial).

[2]   *Id*. (noting that Plaintiff filed suit against these parties in state court).

right to a jury trial and reserving his right to request bifurcation.³ Consistent with the Savings to Suitors clause, Claimant now seeks bifurcation of this Limitations of Liability action.

## II.

Generally, vessel owners who face liability from an incident at sea may file a claim pursuant to the Limitation of Liability Act.⁴ The vessel owner's goal is to limit its liability to the value of the vessel involved in the incident.⁵ But a vessel owner is not entitled to limit its liability when the negligent act occurs within the "privity or knowledge"⁶ of the vessel owner.⁷ Consequently, the core issues in any Limitation case are: (1) whether the vessel owner was negligent; and (2) whether that negligence occurred within the vessel owner's "privity or knowledge." Those are the core issues in this Limitation of Liability action, too.

## III.

Federal courts have exclusive jurisdiction over the Limitation cases at issue.⁸ But, as this Court has recognized, a Vessel Owner Defendants' rights to seek a limitation of their liability in a federal bench trial is in direct conflict with the Claimant's rights to sue the Vessel Owner Defendants in state court before a jury.⁹ To ease this tension, federal courts have developed a rule

---

³ Rec. Doc. 10 Claimant Andy Love's Answer to Petition for Exoneration From and/or Limitation of Liability, pp. 1, 9, 10, 21. (noting Claimant's reservation of his right to pursue his state court claims, his right to a jury trial and reserving his right to move for bifurcation of this action).

⁴ 46 U.S.C. § 30501 *et seq*.

⁵ 46 U.S.C. § 30505(a).

⁶ "Privity or knowledge" exists when the vessel owner knew or should have known about the "conditions or actions likely to cause the loss." *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 504 (5th Cir. 1994).

⁷ 46 U.S.C. § 30505(b).

⁸ 46 U.S.C. § 30511(a).

⁹ *Matter of Suard Barge Services, Inc.*, 1997 WL 358128 at *2 (E.D. La. 1997) (Vance, J.) ("This statutory right of a vessel owner to seek a limitation of liability in federal court directly conflicts with the right of a complainant to seek a common law remedy in state court, pursuant to the 'saving to suitors' clause of 28 U.S.C. § 1331(1); *see also Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S.

"under which exclusive admiralty jurisdiction must also give way: once limitation is denied *it is up to the claimants rather than the court whether the [federal] proceedings will continue or whether the injunction will be dissolved to permit the resumption of other [state court] actions.*"[10]

Consequently, "the preferred approach, at least within federal district courts of the Fifth Circuit, is to decide the limitation issues [i.e. "privity or knowledge"] and then allow claimants to return to state court if they so desire."[11] This Court follows that approach because, as it has recognized, the approach "makes perfect sense."[12] And this Court is undoubtedly correct. *"Where no limitation is possible, the damage claimants are entitled to have the injunction against other actions dissolved, so that they may, if they wish, proceed in a common law forum as they are entitled to do under the saving to suitors clause."*[13] Other federal district courts have agreed with this one, and they have similarly bifurcated Limitation of Liability actions.[14]

## IV.

---

[10] 438, 448 (2001) (explaining the "tension [that] exists between the savings to suitors clause and the Limitation Act.").

[10] *In re Mississippi Limestone Corp.*, 2010 WL 4174631 at *3 (N.D. Miss. Oct. 7, 2010) (citations and quotations omitted) (emphasis added).

[11] *Id*. at *3 (quoting *In re Athena Constr., LLC*, 2007 WL 1668753 at *6 (W.D. La. 2007)).

[12] *Matter of Suard Barge Services, Inc.*, 1997 WL 358128 at *2 (E.D. La. June 26, 1997) (Vance, J.) ("Bifurcation as suggested by the Windhams makes perfect sense here."); *see also Rubenstein v. Bryant*, 522 F.2d 1351, 1352 (5th Cir. 1975) ("A bifurcated damage action, in which a state court decides the merits of the tort action while a federal admiralty court subsequently determines limitation of liability, is not new to the courts.").

[13] *Fecht v. Makowski*, 406 F.2d 721, 722-23 (5th Cir. 1969) (emphasis added); *Wheeler v. Marine Navigation Sulphur Carriers, Inc.*, 764 F.2d 1008, 1011 (4th Cir. 1985) ("Each circuit that has considered this question has ruled that once limitation is denied, plaintiffs should be permitted to elect whether to remain in the limitation proceeding or to revive their original claims in their original fora.") (string cite omitted).

[14] *In re Bergeron Marine Serv., Inc.*, 1994 WL 236374 at *1-2 (E.D. La May 24, 1994); *In re TT Boat Corp.*, 1999 WL 102786 at *1 (E.D. La Feb. 23, 1999); *In Matter of Torch, Inc.*, 1996 WL 512303 at *1 (E.D. La. Sept. 6, 1996).

The Court should follow the "preferred approach"—the one that "makes perfect sense"—and order bifurcation of the claims brought by Claimant against Petitioner.

In this bifurcated action, this Court would first decide whether the Petitioner was negligent. And, if they were, it would also decide whether the Petitioner is entitled to limit their liability (i.e. whether privity or knowledge exists). After making these determinations on the core Limitation issues, the Claimant would be allowed to proceed in state court and have a jury "determine the fault of additional parties, the relative degrees of fault, and damages."[15] This approach will preserve the Claimant's right to a jury trial, preserve the Petitioner's right to a federal bench trial, balance the competing interests of the Saving to Suitors clause and the Limitation of Liability Act, and significantly shorten the length of the trial in this Court. Consequently, the Court should grant this motion and order bifurcation in these cases.

## IV.

Notably, in 2020, the Eastern District of Louisiana confronted this exact scenario once again. And it ruled just the same. In *Archer Daniels Midland CO. v. M/T American Liberty*,[16] a tanker crashed into several vessels and injured multiple crewmembers. The tanker interests filed a limitation of liability case in the Eastern District of Louisiana. The injured workers filed claims and sought bifurcation. This Court granted their request. As this Court recognized, the claimants' request was "consistent with the approach taken by other courts."[17] Bifurcation, the Eastern District of Louisiana noted, "has proved to be an effective tool to help ease the conflict and accommodate the presumption in favor of jury trials…embodied in the 'savings to suitors'

---

[15] *See Matter of Complaint of Bergeron Marine Service, Inc.*, 1994 WL 236374 at *1 (E.D. La. May 24, 1994).

[16] 2020 WL 1889123 (E.D. La. 2020) (Vance, J.).

[17] *Id.* at *3.

clause."[18] In granting bifurcation, the Eastern District of Louisiana explained that the procedure would allow the court to "protect the vessel owners' limitation rights by trying limitation first" and at the same time, allow the claimants "to seek damages in state court" if limitation was denied.[19] Thus, the Eastern District of Louisiana declared that issues of liability, limitation, and the apportionment of fault would be tried in phase one of the trial. And damages would be reserved a second phase.[20]

The Eastern District of Louisiana's holding in *Archer Daniels* has proven to be a significant one. As one federal court has noted, the opinion provides a "compelling analysis" of the benefits of bifurcation.[21] And in the less than two years since, the Eastern District of Louisiana issued its opinion in *Archer Daniels*, multiple courts have cited and followed it to grant bifurcation of similar claims. Respected jurist Judge deGravelles in the Middle District of Louisiana has done so,[22] as have multiple federal judges in Texas.[23]

---

[18]  *Id.* at *3 (internal citations and quotations omitted).

[19]  *Id.* at *4.

[20]  *Id.* ("For the foregoing reasons, the Court GRANTS the motion to bifurcate. The Court will try the issues of liability, limitation, and apportionment of fault in a bench trial. Damages will be tried separately.").

[21]  *In re Intracoastal Tug and Barge Company, LLC*¸ 2021 WL 5104533 at *2 (S.D. Tex. 2021).

[22]  *Matter of Chester J. Marine*, 2021 WL 2661949 at *6–7 (M.D. La. 2021) (deGravelles, J.) (following and citing Archer Daniels to order bifurcation).

[23]  *In re Intracoastal Tug and Barge Company, LLC*¸ 2021 WL 5104533 at *3 (S.D. Tex. 2021) ("Here, like *Archer Daniels*, allowing bifurcation would allow the liability of the parties to be determined before a jury trial on damages occurs. The elimination of a need for a jury trial serves to expedite and economize the judicial process. Should there be no liability found, Rutledge would be left with the choice of whether to pursue his claim before a jury in state court. This choice could eliminate the need for a jury trial and, at the same time, preserve Rutledge's right to a jury trial, albeit one in state court. Because Rutledge's motion for bifurcation will further the interests of economy and convenience, it should be granted."); *In re Orion Marine Construction, Inc. v. All Potential Claimant*s, 2021 WL 2779115 at *3-4 (S.D. Tex. 2021) (following and citing *Archer Daniels* to order bifurcation); *Matter of Savage Inland Marine, LLC*, 2020 WL 10355875 at *3-5 (E.D. Tex. 2020) (following and citing Archer Daniels to order bifurcation); *Odfjell Chemical Tankers AS v.*

This Court should follow this "preferred" approach and bifurcate this case as well. Doing so will promote judicial economy and efficiency under Federal Rule of Civil Procedure 42(b). And it will afford Claimant the opportunity to have his damages claims tried before a jury in the forum of his choosing in the event of a favorable ruling on limitation.

The bifurcation order sought here is the same one this Court entered in *Archer Daniels*. In this bifurcated action, the Court would first decide whether Petitioner was negligent. And, if they were, the Court would decide whether they were entitled to limit its liability (*i.e.*, whether privity or knowledge exists). The Court would also determine an allocation of fault for the incident. After making these determinations, if Petitioner are denied a limitation of their liability, Claimant would be allowed to proceed in state court. This approach will preserve Claimant's right to a jury trial, preserve the Petitioner's right to a federal bench trial, balance the competing interests of the Saving to Suitors clause and the Limitation of Liability Act, and significantly shorten the trial in this Court. Consequently, the Court should grant this motion and order bifurcation in this case.

## IV.
### CONCLUSION

Claimant respectfully requests the Court to grant his motion to bifurcate and to enter an order bifurcating the limitation and non-limitation issues in this case.

---

*Herrara*, 471 F. Supp. 3d 790, 795-796 (S.D. Tex. 2020) (following and citing *Archer Daniels* to order bifurcation).

Respectfully submitted,

MORROW & SHEPPARD LLP

/s/*Daniel E. Sheppard*
Daniel E. Sheppard
Bar Roll No. 38076
*msfiling@morrowsheppard.com*
*dsheppard@morrowsheppard.com*
5151 San Felipe Street
Houston, Texas 77056
Telephone: (713) 489-1206
Facsimile: (713) 893-8370

*Attorney for Andy Love*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record this 19th day of September 2023, by e-filing it into the CM/ECF system, which will automatically deliver a copy to all counsel.

/s/*Daniel E. Sheppard*
Daniel E. Sheppard