UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN RIVER TRANSPORTATION CO., LLC, AS OWNER AND OPERATOR OF THE M/V CREW RUNNER, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § CIVIL ACTION NO.: 2-23-cv-01489<br><br>SECTION: T    DIVISION: 1<br><br>JUDGE: GUIDRY<br>MAGISTRATE JUDGE: VAN MEERVELD |

## MEMORANDUM IN OPPOSITION TO ARTCO'S MOTION TO STRIKE JURY DEMAND OF ANDY LOVE AND NICHOLAS HARRINGTON

Out of an abundance of caution, Claimant Andy Love ("Claimant") files this Memorandum in Opposition to Artco's Motion to Strike Jury Demand of Andy Love (the "Motion"). The Court should Deny Artco's Motion as Claimant is entitled to a jury trial on the non-limitation issues in this case for reasons more fully set out in Plaintiff's Motion to Bifurcate and the Memorandum in Support, which Claimant incorporates into this Response.[1]

In its Motion, ArtCo concedes this fact and does not deny that if this Court has grounds to stay the Limitations Action and lift its injunction against proceedings in state court, then Claimant may have the right to pursue his claims in state court and request a jury trial. *See* ArtCo's Motion at p. 4, para. 2. However, Petitioner appears to suggest that to proceed oppositions contend that the limitation petitioners must be given protective stipulations before Claimant can proceed on his non-limitations claims. *Id*. That suggestion misses the mark at this phase of the case. The question is whether the Court should order bifurcation and try the core issues in limitation first. Depending upon the result of that trial, the Claimant may have the right to return to state court uninhibited

---

[1] Claimant does not address any arguments that could be raised by Mr. Nicholas Harrington.

against Petitioner. No petitioner who is denied limitation may demand a stipulation. Those petitioners will face uncapped state court liability. And if any petitioner is found entitled to limitation, this Court will have several equitable means to ensure that the limitation is honored. But issues of that nature are not yet before the Court. For now, it is enough that the Court should order bifurcation and limit the trial to the core limitation issues of negligence and privity/knowledge. No other matters are at issue. Indeed, this point, too, was expressly addressed by Judge Vance in *Archer Daniels*. As she noted:

> The opponents raise a variety of objections to bifurcation, but especially focus on the movants' failure to provide any stipulations…but the movants do not ask to proceed in state court simultaneously with the limitation proceeding; nor do they threaten the Court's exclusive jurisdiction over limitation issues. And as the shipowners' rights to limitation will be decided first while claimants' state court cases are stayed, claimants will not be able to seek to enforce a damage award in excess of the limitation fund before limitation rights are adjudicated. Thus, the Court can protect the vessel owners' limitation rights by trying limitation first and freeing claimants to seek damages in state court only if limitation is denied.[2]

The situation is no different here. Claimant merely asks the Court to bifurcate this case and try the limitation issues first, thus protecting his Saving to Suitors rights to proceed in state court once the outcome of the limitation trial is decided. Judge Vance's ruling confirms that this is proper.

---

[2] *Archer Daniels Midland Company v. M/T American Liberty*, 2020 WL 1889123 at *4 (E.D. La. 2020) (Vance, J.).

Respectfully submitted,

MORROW & SHEPPARD LLP

/s/*Daniel E. Sheppard*
Daniel E. Sheppard
Bar Roll No. 38076
*msfiling@morrowsheppard.com*
*dsheppard@morrowsheppard.com*
5151 San Felipe Street
Houston, Texas 77056
Telephone: (713) 489-1206
Facsimile: (713) 893-8370

*Attorney for Andy Love*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all counsel of record this 19th day of September 2023, by e-filing it into the CM/ECF system, which will automatically deliver a copy to all counsel.

/s/*Daniel E. Sheppard*
Daniel E. Sheppard