All Law Division initial Case Management Dates will be heard via Zoom in a 12-Person Jury
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links/Agg4906_SelectTab/12
Remote Court date: 5/31/2023 9:30 AM

FILED
3/28/2023 9:41 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L003006
Calendar, R
22045242

*5027 3860*

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| ANDY LOVE, | ) |
|     *Plaintiff,* | ) |
| v. | ) Case No. |
| | ) ***JURY TRIAL DEMANDED*** |
| ARCHER DANIELS MIDLAND COMPANY and AMERICAN RIVER TRANSPORTATION CO., LLC, | ) 2023L003006 |
|     *Defendants.* | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, ANDY LOVE, by and through his attorney, DEDRICK L. GORDON of the DEDRICK L. GORDON LAW GROUP, P.C., and in complaining of the Defendants, ARCHER DANIELS MIDLAND COMPANY and AMERICAN RIVER TRANSPORTATION CO., states as follows:

### NATURE OF THE ACTION

1. This is a Jones Act maritime personal injury case.

2. This case is brought pursuant to 46 U.S.C. 688, which is commonly known as the "Jones Act", as well as pursuant to general maritime law and the common law.

3. This Court has jurisdiction under the Savings to Suitors clause as Plaintiff, ANDY LOVE (hereinafter "Plaintiff"), is a seaman under the Jones Act (46 U.S.C. § 688). *See* 28 U.S.C. § 1333.

4. This Jones Act case is not removable. 28 U.S.C. § 1333(1); *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).

EXHIBIT 1

## GENERAL ALLEGATIONS

5.  Plaintiff incorporates and re-alleges all foregoing paragraphs stated herein.

6.  At all times relevant herein, Plaintiff is an American seaman and is a resident of Jefferson parish, Louisiana.

7.  At all times relevant herein, Defendant ARCHER DANIELS MIDLAND COMPANY (hereinafter "ADM") was an entity with its principal place of business in Cook County, Illinois.

8.  At all times relevant herein, Defendant ADM was located at 77 W. Wacker Drive, Chicago, Illinois, 60601.

9.  At all times relevant herein, Defendant AMERICAN RIVER TRANSPORTATION CO., LLC f/k/a AMERICAN RIVER TRANSPORTATION COMPANY (hereinafter "ARTCo") was an entity with its principal place of business in Macon County, Illinois.

10. At all times relevant herein, Defendant, ARTCo was located at 4666 Faries Parkway, Decatur, Illinois, 62526.

11. At all times relevant herein, Defendant ADM employed the Plaintiff as a deckhand aboard a vessel and/or vessels owned, piloted, operated, controlled, maintained, and/or managed by Defendants, ADM and/or ARTCo.

12. At all times relevant herein, Plaintiff worked as a seaman for Defendant ADM aboard a vessel and/or vessels owned, piloted, operated, controlled, maintained, and/or managed by Defendants ADM and/or ARTCo.

13. On or about April 9, 2022, Plaintiff was injured while working as a deckhand in navigable waters aboard a vessel owned, piloted, operated, controlled, maintained, and/or managed by Defendants ADM and/or ARTCo.

14. Specifically, while Plaintiff was being transported on navigable waters via-crew boat owned, piloted, operated, controlled, managed, and/or maintained by Defendants ADM and/or ARTCo, the crew boat collided into a floating object while traveling down the Mississippi River and Plaintiff was violently thrown against the crew boat causing Plaintiff to sustain serious and significant personal injuries.

15. At all times relevant herein, Defendants ADM and/or ARTCo owned, piloted, operated, controlled, maintained, managed and/or were responsible for the safe operation of the crew boat Plaintiff was aboard at the time of the Incident.

16. At all times relevant herein, Defendants ADM and/or ARTCo actively owned, piloted, operated, managed, maintained, and/or controlled the vessel, equipment and work activities at issue.

17. At all times relevant herein, Defendants ADM and/or ARTCo's vessel was unseaworthy.

18. At all times relevant herein, Defendants ADM and/or ARTCo failed to safely and/or properly operate its vessel.

19. At all times relevant herein, Defendants ADM and/or ARTCo failed to safely keep a proper lookout for known and/or suspected hazards while piloting, operating, and/or controlling the vessel at issue.

20. At all times relevant herein, Defendants ADM and/or ARTCo were actively involved in the operation that injured Plaintiff and were actively negligent.

21. At all times relevant herein, Defendants ADM and/or ARTCo engaged in negligent hiring, training and supervision of personnel aboard the vessel at issue.

22. At all times relevant herein, Defendants ADM and/or ARTCo had actual

knowledge of dangers and hazards and failed to intervene. Defendants ADM and/or ARTCo's, failures and others stated herein caused and/or contributed to Plaintiff's injuries.

23. At all times relevant herein, the Plaintiff suffered serious and debilitating injuries to, *inter alia*, his wrist, neck and other parts of his body due to the Defendants ADM and/or ARTCo's negligence, gross negligence and the vessel's and/or crew boat's unseaworthiness.

## COUNT 1
## ARCHER DANIELS MIDLAND COMPANY
### (Negligence)

24. Plaintiff incorporates and re-alleges all foregoing paragraphs of the General Allegations.

25. On or around April 9, 2022, at the aforesaid time and place, and at all times relevant herein, Defendant ADM owed Plaintiff the duty to operate, pilot, manage, maintain, and/or control the vessel in which Plaintiff was aboard in an ordinary and reasonable manner so as to not injure Plaintiff.

26. By negligently and carelessly operating, piloting, managing, maintaining, and/or controlling the vessel, Defendant ADM breached their duty of care owed to Plaintiff.

27. Notwithstanding said duty as alleged herein, Defendant ADM were then and there guilty of one or more of the following careless and negligent acts and/or omissions:

   a. Failure to properly and safely pilot the Vessel at issue;
   b. Operating the Vessel in an improper and unsafe manner;
   c. Improper operation of the Vessel at issue;
   d. Failure to properly supervise the job;
   e. Failure to provide proper equipment;
   f. Failure to maintain, inspect, and/or repair the Vessel at issue;
   g. Failure to maintain, inspect, and/or repair the Vessel's equipment;
   h. Failure to hire, train, and/or supervise adequate personnel to work aboard the Vessel at issue;
   i. Failure to hire adequate personnel to pilot the Vessel at issue;
   j. Failure to properly and safely manage the Vessel at issue;
   k. Failure to properly train and supervise their employees, workers,

FILED DATE: 3/28/2023 9:41 AM   2023L003006



FILED DATE: 3/28/2023 9:41 AM    2023L003006

      crew, and/or contractors;
l. Failure to provide adequate safety equipment;
m. Failure to keep a proper lookout;
n. Operating the Vessel with an inadequate crew;
o. Failure to provide adequate rest for their workers, employees, crew, contractors and/or pilots;
p. Failure to provide a safe working environment;
q. Failure to protect crew members from unnecessary risks;
r. Failure to make adequate repairs to the Vessel at issue;
s. Failure to provide a seaworthy vessel and crew;
t. Vicarious liability for the negligence of their employees and/or crew;
u. Failure to ensure the Vessel was adequately maintained;
v. Violating applicable Coast Guard, OSHA and/or MMS rules; and
w. Other acts deemed negligent and grossly negligent.

28.    At all times relevant herein, Defendant ADM's Vessel was unseaworthy.

29.    The aforementioned careless, reckless, negligent and grossly negligent acts and/or omissions of Defendant ADM were the direct and proximate cause of said collision at issue and the personal injuries sustained by Plaintiff as hereinafter mentioned.

30.    As a direct and proximate result of one or more of the aforesaid careless, negligent, and/or grossly negligent acts and/or omissions, Defendant ADM struck a floating object while traveling in navigable waters with great force and violence, which caused Plaintiff to sustain injuries to his body, which resulted in physical pain, mental anguish, and other medical issues.

31.    As a direct and proximate result of said collision, Plaintiff then and there sustained severe injuries, both externally and internally, temporary and permanent, was and will be hindered and prevented from attending to his duties and affairs, and has lost and will continue to lose the value of that time as aforementioned. Plaintiff also suffered great pain and anguish both in mind and body and will in the future continue to suffer from in the future.

32.    As a direct and proximate result of said collision, Plaintiff then and there sustained damages, including but not limited to, compensatory, actual, consequential, past and future

5

medical care, past and future pain and suffering, past and future mental anguish, past and future impairment, past and future disfigurement, past and future loss of household services, past and future loss of consortium, past and future loss of normal life, pre- and post-judgment interest on damages, Court costs, expert witness fees, deposition costs, attorneys' fees, all other relief as the Court may deem just and proper. Plaintiff has suffered and will continue to suffer great losses of a personal and pecuniary nature.

33. Plaintiff has incurred and will incur lost wages. The Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

34. As a direct and proximate result of said collision, Plaintiff was injured, including physical injuries, and endured pain and suffering, emotional trauma and mental anguish.

35. WHEREFORE, Plaintiff prays that judgment be entered in his favor and against Defendant ADM in an amount in excess of fifty thousand dollars ($50,000.00), and for all relief requested herein, including attorney's fees, pre- and post-judgment interest, plus the costs of this action.

## COUNT 2
### AMERICAN RIVER TRANSPORTATION COMPANY
(Negligence)

36. Plaintiff incorporates and re-alleges all foregoing paragraphs of the General Allegations.

37. On or around April 9, 2022, at the aforesaid time and place, and at all times relevant herein, Defendant ARTCo owed Plaintiff the duty to operate, pilot, manage, maintain, and/or control the vessel in which Plaintiff was aboard in an ordinary and reasonable manner so as to not injure Plaintiff.

38. By negligently and carelessly operating, piloting, managing, maintaining, and/or controlling the vessel, Defendant ARTCo breached their duty of care owed to Plaintiff.

39. Notwithstanding said duty as alleged herein, Defendant ARTCo was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

   a. Failure to properly and safely pilot the Vessel at issue;
   b. Operating the Vessel in an improper and unsafe manner;
   c. Improper operation of the Vessel at issue;
   d. Failure to properly supervise the job;
   e. Failure to provide proper equipment;
   f. Failure to maintain, inspect, and/or repair the Vessel at issue;
   g. Failure to maintain, inspect, and/or repair the Vessel's equipment;
   h. Failure to hire, train, and/or supervise adequate personnel to work aboard the Vessel at issue;
   i. Failure to hire adequate personnel to pilot the Vessel at issue;
   j. Failure to properly and safely manage the Vessel at issue;
   k. Failure to properly train and supervise their employees, workers, crew, and/or contractors;
   l. Failure to provide adequate safety equipment;
   m. Failure to keep a proper lookout;
   n. Operating the Vessel with an inadequate crew;
   o. Failure to provide adequate rest for their workers, employees, crew, contractors and/or pilots;
   p. Failure to provide a safe working environment;
   q. Failure to protect crew members from unnecessary risks;
   r. Failure to make adequate repairs to the Vessel at issue;
   s. Failure to provide a seaworthy vessel and crew;
   t. Vicarious liability for the negligence of their employees and/or crew;
   u. Failure to ensure the Vessel was adequately maintained;
   v. Violating applicable Coast Guard, OSHA and/or MMS rules; and
   w. Other acts deemed negligent and grossly negligent.

40. At all times relevant herein, Defendant ARTCo's Vessel was unseaworthy.

41. The aforementioned careless, reckless, negligent and grossly negligent acts and/or omissions of Defendant ARTCo was the direct and proximate cause of said collision at issue and the personal injuries sustained by Plaintiff as hereinafter mentioned.

42. As a direct and proximate result of one or more of the aforesaid careless, negligent,

and/or grossly negligent acts and/or omissions Defendant ARTCo struck a floating object while traveling in navigable waters with great force and violence, which caused Plaintiff to sustain injuries to his body which resulted in physical pain, mental anguish, and other medical issues.

43. As a direct and proximate result of said collision, Plaintiff then and there sustained severe injuries, both externally and internally, temporary and permanent, was and will be hindered and prevented from attending to his duties and affairs and has lost and will continue to lose the value of that time as aforementioned. Plaintiff also suffered great pain and anguish both in mind and body and will in the future continue to suffer from in the future.

44. As a direct and proximate result of said collision, Plaintiff then and there sustained damages, including but not limited to, compensatory, actual, consequential, past and future medical care, past and future pain and suffering, past and future mental anguish, past and future impairment, past and future disfigurement, past and future loss of household services, past and future loss of consortium, past and future loss of normal life, pre- and post-judgment interest on damages, Court costs, expert witness fees, deposition costs, attorneys' fees, all other relief as the Court may deem just and proper. Plaintiff has suffered and will continue to suffer great losses of a personal and pecuniary nature.

45. Plaintiff has incurred and will incur lost wages. The Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

46. As a direct and proximate result of said collision, Plaintiff was injured, including physical injuries, and endured pain and suffering, emotional trauma and mental anguish.

47. WHEREFORE, Plaintiff prays that judgment be entered in his favor and against Defendant ARTCo in an amount in excess of fifty thousand dollars ($50,000.00), and for all relief

requested herein, including attorney's fees, pre- and post-judgment interest, plus the costs of this action.

## COUNT 3
## ARCHER DANIELS MIDLAND COMPANY
### (General Maritime Law – Warranty of Seaworthiness)

48. Plaintiff incorporates and re-alleges all foregoing paragraphs above.

49. At all times relevant herein, Defendant ADM owned, controlled, and/or operated the Vessel at issue.

50. At all times relevant herein, as owner or owner *pro hac vice* of the Vessel, the general maritime law of the United States held the Defendant ADM to warrant that the Vessel was in all respects seaworthy.

51. As a direct and proximate result of the unseaworthiness of the Vessel at issue, Plaintiff sustained damages, including but not limited to, compensatory, actual, consequential, past and future medical care, past and future pain and suffering, past and future mental anguish, past and future impairment, past and future disfigurement, past and future loss of household services, past and future loss of consortium, past and future loss of normal life, pre- and post-judgment interest on damages, Court costs, expert witness fees, deposition costs, attorneys' fees, all other relief as the Court may deem just and proper. Plaintiff has suffered and will continue to suffer great losses of a personal and pecuniary nature.

52. WHEREFORE, Plaintiff prays that judgment be entered in his favor and against Defendant ADM in an amount in excess of fifty thousand dollars ($50,000.00), and for all relief requested herein, including attorney's fees, pre- and post-judgment interest, plus the costs of this action.

## COUNT 4
### AMERICAN RIVER TRANSPORTATION COMPANY
### (General Maritime Law – Warranty of Seaworthiness)

53. Plaintiff incorporates and re-alleges all foregoing paragraphs above.

54. At all times relevant herein, Defendant ARTCo owned, controlled, and/or operated the Vessel at issue.

55. At all times relevant herein, as owner or owner *pro hac vice* of the Vessel, the general maritime law of the United States held the Defendant ARTCo to warrant that the Vessel was in all respects seaworthy.

56. As a direct and proximate result of the unseaworthiness of the Vessel at issue, Plaintiff sustained damages, including but not limited to, compensatory, actual, consequential, past and future medical care, past and future pain and suffering, past and future mental anguish, past and future impairment, past and future disfigurement, past and future loss of household services, past and future loss of consortium, past and future loss of normal life, pre- and post-judgment interest on damages, Court costs, expert witness fees, deposition costs, attorneys' fees, all other relief as the Court may deem just and proper. Plaintiff has suffered and will continue to suffer great losses of a personal and pecuniary nature.

57. WHEREFORE, Plaintiff prays that judgment be entered in his favor and against Defendant ARTCo in an amount in excess of fifty thousand dollars ($50,000.00), and for all relief requested herein, including attorney's fees, pre- and post-judgment interest, plus the costs of this action.

## COUNT 5
### ARCHER DANIELS MIDLAND COMPANY
(Maintenance and Cure)

58. Plaintiff incorporates and re-alleges all foregoing paragraphs of the General Allegations.

59. At all times relevant herein, Plaintiff was an American Seaman and entitled to maintenance and cure payments. As such, Plaintiff demands that Defendant, ADM, make maintenance and cure payments as a reasonable rate and pay for Plaintiff's medical treatment.

60. Plaintiff would show that on or around April 9, 2022, he was injured while acting as a seaman and an employee of Defendant, ADM, and while acting in the service of Defendant's, ADM's and/or ARTCo's, Vessel. As a result, Defendant ADM, as Plaintiff's Jones Act employer had, and continues to have, a non-delegable duty to provide Plaintiff with all proper, timely and sufficient Maintenance and Cure benefits. As Plaintiff's injuries resulting from the subject incident are serious and ongoing, he has needed, and still needs, these Maintenance and Cure benefits. Plaintiff would show that:

  a. Plaintiff has required medical treatment as a result of the subject incident and injuries;

  b. Plaintiff still is receiving medical care as a result of those injuries;

  c. Defendant, ADM, has intentionally denied and postponed the provision of all prompt and proper Maintenance and Cure;

  d. Plaintiff has not reached maximum medical improvement; and,

  e. Defendant, ADM's, duties to provide all complete, proper and timely Maintenance and Cure benefits continue.

61. To date, Defendant, ADM, has failed to provide the proper and timely medical treatment and related care and expenses that Plaintiff has required and/or have denied or delayed the timely provision or payment of same, and/or have paid or will pay such Maintenance and Cure

11

benefits untimely or in an insufficient amount.

62. As a result of Defendant, ADM's, failure to provide or pay and/or delay in timely providing and/or paying the full amount of Maintenance and Cure benefits, Plaintiff has suffered further injuries and damages, for which he now sues.

63. Plaintiff would further show that Defendant, ADM, considered but made the willfully and wantonly decided NOT to provide Plaintiff with any Maintenance and Cure benefits, beginning at the time of his injuries, even though Defendant, ADM, knew that Plaintiff's injuries and medical conditions arose while he was doing his work while stationed aboard the Vessel at issue. Defendant, ADM's, unjustified refusal or denial of (or failure to provide) timely, full and proper Maintenance and Cure benefits, was or is not only unreasonable, but was and is arbitrary and capricious, or wanton, willful, callous and persistent, and that, as a result thereof, Plaintiff is entitled to an award for attorneys' fees and punitive damages, for which he now sues, in addition to all other relief sought.

64. As a direct and proximate result of said Defendant, ADM's, failure to pay Maintenance and Cure benefits to Plaintiff, Plaintiff then and there sustained damages, including but not limited to, all damages previously stated herein, Maintenance and Cure benefits, pre- and post-judgment interest on damages, Court costs, expert witness fees, deposition costs, attorneys' fees, and all other relief as the Court may deem just and proper. Plaintiff has suffered and will continue to suffer great losses of a personal and pecuniary nature.

65. WHEREFORE, Plaintiff, ANDY LOVE prays that judgment be entered in his favor and against Defendant, ARCHER DANIELS MIDLAND COMPANY for maintenance and cure payments as a reasonable rate and payment for Plaintiff's medical treatment.

* 5 0 2 7 3 8 6 0 *

FILED DATE: 3/28/2023 9:41 AM   2023L003006

        /s/Dedrick L. Gordon
        *Attorney for Plaintiff*

No. 57462
DEDRICK L. GORDON
DEDRICK L. GORDON
LAW GROUP, P.C.
203 N. LaSalle Street, Suite 2100
Chicago, Illinois 60601
(312) 785-1265
gordon@dglawgp.com

*50273860*

FILED DATE: 3/28/2023 9:41 AM   2023L003006

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ANDY LOVE, ) | |
| ) | |
| Plaintiff, ) | 2023L003006 |
| v. ) | |
| ) | Case No. |
| ) | ***JURY TRIAL DEMANDED*** |
| ARCHER DANIELS MIDLAND ) | |
| COMPANY and AMERICAN RIVER ) | |
| TRANSPORTATION CO., LLC, ) | |
| ) | |
| Defendants. | |

### 222(b) AFFIDAVIT

This affidavit is made pursuant to Supreme Court Rule 222(b). Under the penalties of perjury as provided by §1-109 of the Codes of Civil Procedure, the undersigned certifies that the money damages sought by the Plaintiffs herein exceed $50,000.00.

/s/Dedrick L. Gordon
*Attorney for Plaintiff*

#57462
DEDRICK L. GORDON
DEDRICK L. GORDON
LAW GROUP, P.C.
203 N. LaSalle Street, Suite 2100
Chicago, Illinois 60601
(312) 785-1265
gordon@dglawgp.com