UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF AMERICAN RIVER TRANSPORTATION CO., LLC, AS OWNER AND OPERATOR OF THE M/V CREW RUNNER, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § | CIVIL ACTION NO.: 2-23-cv-01489<br><br>SECTION: T    DIVISION: 1<br><br>JUDGE: GUIDRY<br>MAGISTRATE JUDGE: VAN MEERVELD |

### PLAINTIFF ANDY LOVE'S INITIAL DISCLOSURES

Plaintiff, Andy Love, makes these initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1):

### A. Individuals with Discoverable Information

1. The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

    a. Andy Love, c/o counsel of record Daniel E. Sheppard, Morrow & Sheppard LLP, 5151 San Felipe Street, Ste. 100, Houston, Texas 77056, T: 713-489-1206. Mr. Love is a Plaintiff in this matter and has information regarding his claims and allegations, how the incident occurred and the persons and/or companies involved in the work, policies and procedures and equipment on the vessel, where the vessel was headed when the incident occurred, the history of the vessel and how it was maintained and operated, the fact that safety corners were being cut, the injuries sustained in the incident, his medical treatment, and his damages.

    b. Larry Turner, c/o counsel of record Anthony D. Irpino and Bobby G. Hawkins, Irpino, Avin & Hawkins Law Firm, 2216 Magazine Street, New Orleans, Louisiana 70130, T: 504-525-1500, and Patrick Hufft, Hufft and Hufft Law Firm, 635 St. Charles Avenue, New Orleans, Louisiana 70130, T: 504-522-9413. Mr. Turner is a Plaintiff in this matter and has information regarding his claims and allegations, how the incident occurred and the persons and/or companies involved in the work, policies and procedures and equipment on the vessel, where the vessel was headed when the incident occurred, the history of the vessel and how it was maintained

EXHIBIT 4

    and operated, the fact that safety corners were being cut, the injuries he sustained in the incident, his medical treatment, and his damages.

c. Nicholas Harrington, c/o Stephen Johnson, Morris Bart, LLC, 601 Poydras Street, 24th Floor, New Orleans, Louisiana 70130, T: 504-525-8000. Mr. Harrington is a Plaintiff in this matter and has information regarding his claims and allegations, how the incident occurred and the persons and/or companies involved in the work, policies and procedures and equipment on the vessel, where the vessel was headed when the incident occurred, the history of the vessel and how it was maintained and operated, the fact that safety corners were being cut, the injuries he sustained in the incident, his medical treatment, and his damages.

d. Donovan Johnson, additional identifying information will be supplemented. Mr. Johnson was aboard the vessel at the time of the incident and has information regarding how the incident occurred and the persons and/or companies involved in the work, policies and procedures and equipment on the vessel, where the vessel was headed when the incident occurred, the history of the vessel and how it was maintained and operated, and the fact that safety corners were being cut at the time of the incident.

e. Tony Prapani, additional identifying information will be supplemented. Mr. Prapani was aboard the vessel at the time of the incident and has information regarding how the incident occurred and the persons and/or companies involved in the work, policies and procedures and equipment on the vessel, where the vessel was headed when the incident occurred, the history of the vessel and how it was maintained and operated, and the fact that safety corners were being cut at the time of the incident.

f. Any and all current and/or former employees/representatives of Labor Services, LLC, c/o Aaron B. Greenbaum, Rowen F. Asprodites, Salvador J. Pusateri, Shelia R. Tolar, Pusateri, Johnston, Guillot, & Greenbaum, 1100 Poydras Street, Suite 2250, New Orleans, Louisiana 70163, T: 504-620-2500. On information and belief, these current and/or former employees/representatives of Labor Services, LLC have knowledge regarding the incident, the work involved, policies and procedures and equipment at and/or onboard the vessel, Labor Services, LLC's relationship with Archer-Daniels-Midland-Company and/or American River Transportation Co., LLC, the history of the vessel, how it was maintained and operated, and the fact that safety corners were being cut at the time of the incident.

g. Any and all current and/or former employees/representatives of Archer-Daniels-Midland-Company, and/or American River Transportation Co.,

    LLC reflected in the produced documents, c/o counsel of record Kevin M. Frey, Marcelle Mouledoux, Morgan E. Kelley, Gillian M. McCarroll, McGlinchey Stafford, PLLC, 601 Poydras Street, 12th Floor, New Orleans, Louisiana 70130, T: 504-586-1200.  On information and belief, these individuals own, operate, and/or work for the owner/operator of the vessel and:

        (a) are involved in the operations and maintenance of the vessel where the incident occurred;

        (b) have knowledge of the condition of the vessel and her equipment at the time of the incident;

        (c) have knowledge of the crew aboard the vessel at the time of the incident;

        (d) have knowledge of the work being performed on the vessel (and neighboring vessel(s)/rig(s) at the time of the incident);

        (e) have knowledge of applicable operating and safety policies and procedures in effect at the time of the incident;

        (f) have knowledge of communications with and concerning Plaintiff regarding the incident;

        (g) have knowledge of the relationship of the parties; and/or

        (h) have knowledge regarding policies regarding the payment of maintenance and cure benefits;

    These persons and companies also have knowledge regarding the work involved, policies and procedures and equipment on the vessel, the history of the vessel, hiring and/or retaining of crew aboard the vessel, including but not limited to the vessel's pilot at the time of the incident, how it was maintained and operated, and the fact that safety corners were being cut.

h. Plaintiff identifies all information and/or documents produced by Defendants Archer-Daniels-Midland-Company's and/or American River Transportation Co., LLC's in response to this portion of Defendants Federal Rule of Civil Procedure 26(a)(1) disclosures as it relates to their insurer(s). Plaintiff will supplement upon receipt thereof. On information and belief, these individuals insure the owner and/or operator of the vessel and:

3

> (a) have knowledge of the operations and maintenance of the vessel where the incident occurred;
>
> (b) have knowledge of the condition of the of the vessel and her equipment at the time of the incident;
>
> (c) have knowledge of the work being performed on the vessel (and neighboring vessel(s)/platform(s) at the time of the incident;
>
> (d) have knowledge of applicable operating and safety policies and procedures in effect at the time of the incident;
>
> (e) have knowledge of communications with and concerning Plaintiff regarding the incident;
>
> (f) have knowledge of the relationship of the parties;
>
> (g) have knowledge regarding policies regarding the payment of maintenance and cure benefits; and/or
>
> (h) made decisions to willfully and wantonly terminate Plaintiff's maintenance and cure benefits.
>
> These persons and/or companies also have knowledge regarding the work involved, policies and procedures and equipment at the vessel, the history of the vessel and how it was maintained and operated, the fact that safety corners were being cut.

i. Any and all employees and/or representatives of any insurers of Archer-Daniels-Midland-Company and/or American River Transportation Co., LLC including but not limited to claims adjusters, claims representatives, and/or subrogation specialists. On information and belief, these individuals would have been working on behalf of, or in the interests of, Archer-Daniels-Midland-Company and/or American River Transportation Co., LLC prior to, during and after the incident occurred. On information and belief, these individuals along with the non-insurance defendants identified above, willfully and wantonly terminated Plaintiff's maintenance and cure benefits. On information and belief, these individuals would have knowledge of Mr. Love's medical records and treatment. On information and belief, these individuals would have knowledge of the claims handling policies and procedures for the non-insurance defendants, including their handling of Plaintiff's claims and termination of benefits.

j. The entities, vessel(s), rig(s) and/or platform(s) that the *M/V Crew Runner* transported and/or provided persons, employees, contractors, tools, equipment, goods, bunker fuel, supplies, and/or necessaries at the time of the Incident (e.g. when the Plaintiff was injured as a result of the allegations raised in Plaintiff's most-recent petition). On information and belief, the names and addresses of the entities and vessel(s), described above are being withheld by the non-insurance defendants. On information and belief, these representatives work for and/or represent the non-insurance defendants and have knowledge of the condition of the vessel, location(s) and the equipment involved in the incident, work performed on the vessel(s) and/or rig(s) at the location, applicable operating and safety policies and procedures, communications with and concerning Plaintiff, and the relationship of the parties. These persons and companies also have knowledge regarding the work involved, policies and procedures and equipment on the vessel, the history of the vessel and how it was maintained and operated, the fact that safety corners were being cut.

k. The employees, contractors, and owners of the entities, vessel(s), and platform(s) referenced in section A.1.j. On information and belief, the names and addresses of the class of individuals/entities described in section A.1.j are being withheld by the non-insurance defendants. On information and belief, these representatives work for the have knowledge of the condition of the of the location and the equipment involved in the Incident, work performed at the location, applicable operating and safety policies and procedures, communications with and concerning Plaintiff, and the relationship of the parties. These persons and companies also have knowledge regarding the work involved, policies and procedures and equipment at the vessel, the history of the vessel and how it was maintained and operated, the fact that safety corners were being cut.

l. Medical Providers: Each of the following treating medical providers have information regarding the medical treatment, medical charges, and injuries sustained by Plaintiff.

   1. Dr. Barton L. Wax, Jefferson Orthopedic Clinic, 920 Avenue B, Marrero, Louisiana, 70072, T:504-349-6804.

      All other subsequent doctors that treated Plaintiff for his injuries. Plaintiff reserves the right to supplement this information at a later date.

m. Any and all persons identified by Defendants in their initial disclosures.

5

n. Any person identified in Plaintiff's Expert Disclosures, which are incorporated herein by reference.

o. Any person identified in the documents produced or which will be produced during the course of this litigation by any party or subpoenaed person or entity.

p. Any medical providers who provided treatment to Plaintiff for his alleged injuries.

q. Any person otherwise disclosed or discovered during the progress of the pre-trial proceedings.

Plaintiff may supplement these initial disclosures as further information and documents become available.

## B. Relevant Documents & Tangible Things

1. A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Plaintiff will produce as discovery continues. Subject thereto, in his possession, custody, and control, Plaintiff will rely on medical records that he may have or will obtain regarding the incident, as well as earnings records, if any. Plaintiff will further reply upon:

a. Any document produced by any other party (current and former) during discovery (to be obtained).

b. Any deposition or hearing transcript and/or exhibit (to be obtained).

c. Any document identified by any party in their initial disclosures (to be obtained).

d. All documents produced by any person or entity in response to a subpoena in this matter (to be obtained).

e. All materials provided to or relied on by any expert witness (to be obtained).

f. Any statute the Court deems applicable to this cause of action

g. All filed pleadings, interrogatory answers, and admissions of the parties.

6

      h. All materials provided to or relied on by any expert witness

      i. All materials on his Pretrial Exhibit List

      j. Plaintiff's expert reports

Plaintiff reserves the right to supplement and object to the production and/or use as evidence of any document on any ground provided by the federal rules, including, but not limited to work product, joint defense, and/or privilege.

### C. Information Related to Calculation of Damages

1. A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of the injuries suffered.

    a. Plaintiff seeks recovery of all compensatory damages, actual damages, consequential damages, past and future medical expenses, lost wages in the past and future, impaired earning capacity in the past and future, pain and suffering in the past and future, mental anguish in the past and future, impairment in the past and future, disfigurement in the past and future, loss of household services in the past and future, loss of consortium in the past and future, interest on damages (pre- and post- judgment), Court costs, expert witness fees, deposition costs, attorneys' fees (where provided by agreement, law, statute, and/or agreement), exemplary damages, and all other damages available under the applicable law.

    b. Plaintiff intends to rely on expert testimony to calculate his past and future losses in income, future loss of earning capacity, and the reasonable cost of the medical care his injuries will require in the future. At the time of the incident, Plaintiff was working approximately 60 hours per week at a rate of approximately $23.00 per hour. His pay was expected to rise. Depending on when trial occurs, Plaintiff estimates that the sum of his past-medical expenses and lost wages will exceed $500,000.00. Plaintiff will ask the jury to apportion the amounts of this non-economic damages, which Plaintiff estimates will be in excess of $10 million.

### D. Insurance

1. For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

a. None at this time. However, Plaintiff identifies any and all responsive documents and/or materials produced by Defendants Archer-Daniels-Midland-Company and/or American River Transportation Co., LLC in response thereto.

Respectfully Submitted,

MORROW & SHEPPARD LLP

*/s/ Daniel E. Sheppard*
Daniel E. Sheppard
Bar Roll No. 38076
3701 Kirby Dr, Ste 1000
Houston, TX  77098
713.489.1206 tel
713.893.8370 fax
All E-Service To:
msfiling@morrowsheppard.com
dsheppard@morrowsheppard.com

COUNSEL FOR PLAINTIFF

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served on counsel of record via email on July 26, 2023.

*/s/Daniel E. Sheppard*
Daniel E. Sheppard

8